*C. Bassett*, for the petitioner.

*C. H. Cahoon*, for the respondent.

MARGARET M. BYRNES *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   March 7, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.   *Railroad.*

In an action under R. L. c. 106, § 71, cl. 3, and § 73, it appeared that the plaintiff's husband was a railroad man of twenty-two years' experience, most of it as freight brakeman and freight conductor, and had been working in the defendant's yard for two or three years before the accident, that he was run upon and killed by an engine of the defendant which backed upon him without its bell being rung as he crossed a track in the yard diagonally with his back to the engine, the track being one that was used irregularly but might be used at any time.   The yard contained a great many tracks, a coal house, turntable and ash pit and

was in constant use. There was no rule requiring engineers to ring bells in the yard. *Held*, that there was no evidence that the plaintiff's husband was in the exercise of due care.

TORT, under R. L. c. 106; § 71, cl. 3, and § 73, by the widow of one alleged to have been instantly killed as the result of negligence of an engineer in the employ of the defendant in the operation of a locomotive engine. Writ in the Superior Court for the county of Suffolk dated September 29, 1904.

There was a trial on October 25, 1906, before *Holmes*, J. At the close of the plaintiff's case, both parties rested and, on motion of the defendant, the jury under the direction of the presiding judge returned a verdict for the defendant, and the plaintiff alleged exceptions which, owing to the illness of *Holmes*, J., were allowed by *Richardson*, J.

The plaintiff took several exceptions at the trial to rulings of the presiding judge admitting and excluding evidence, but these exceptions were waived at the argument in this court.

The plaintiff's husband at the time of his death was forty-one years of age and was a thoroughly experienced railroad man of twenty-two years' experience, the last two or three of which had been spent in the employ of the defendant working in the yard.

The accident happened in the South Boston yard of the defendant which contained a great many tracks and switches, a coal house where locomotive engines procured coal, a turntable, an engine house and an ash pit. The ash pit was under the track which ran directly from the coal house to the turntable and the engine house. When that track was occupied, engines seeking to go between the coal house and the turntable or the engine house used a " spur," or " run-around " track. This " run-around " track was, according to one witness, used about twenty-five times a day, and, according to another, two or three times a day and sometimes not at all. There was no conflict of evidence, however, as to the facts that its use was not at any regular hour, but that it might be used at any time. This was the track upon which the accident occurred.

There was no rule of the company requiring engineers to ring their bells in the yard. The bell of the engine which ran over the plaintiff's husband was not rung as it approached him. · He

walked upon the track from the side of the engine away from the engineer, who did not see him and ran over him.

Other material facts appear in the opinion.

*J. J. Scott*, for the plaintiff.

*J. L. Hall*, for the defendant.

SHELDON, J. The plaintiff waives her exceptions to the admission and exclusion of evidence, and relies solely on the claim that she was entitled to go to the jury on the issue as to the negligence of the engineer who was in charge of the engine that struck her husband. R. L. c. 106, § 71, cl. 3. We have not found it necessary, however, to consider this question, for we are of opinion that her husband was himself guilty of negligence which contributed to the accident.

He was an experienced railroad man. He was walking along by the side of the " run-around " track, so called, in the defendant's yard, and the engine that struck him was coming on that track, in the same direction, running backward with the tender ahead. Having walked a short distance by the side of the track, he started to cross the track in a diagonal direction, directly in front of the engine, with his back towards it as the tender approached him, and without looking behind him or taking any notice of its approach. The tender struck him, and knocked him down, and the engine went over him and killed him.

It is sought to excuse his failure to look behind him or take any precaution for his safety on the ground that the engineer failed to ring the bell of the engine, to keep a proper lookout, or to observe or act upon the warning cry given to him by another servant of the defendant who saw the plaintiff's husband go upon the track and shouted to the engineer to stop. It was also claimed that the engineer was running at too high a rate of speed. But if we assume that there was evidence of negligence of the engineer in these respects, the plaintiff's husband was yet not relieved of the duty to use reasonable care for his own safety. He stepped voluntarily and deliberately in front of this moving engine, within a very short distance of the approaching danger, when a look would have been enough to put him on his guard and enable him to avoid the accident. He knew that this " run-around " track was likely to be in use at any time, although it was not frequently used. He was in a highly dangerous place,

where he was called upon to use his eyes and ears for his own safety, and he wholly failed to do so. It is impossible to say that his conduct in starting to go diagonally across the track almost directly in front of an approaching engine in plain sight was anything but careless. *Dolphin* v. *New York, New Haven, & Hartford Railroad,* 182 Mass. 509. *Vecchioni* v. *New York Central & Hudson River Railroad,* 191 Mass. 9.

*Exceptions overruled.*