ANDREW LEKARCZYK, administrator, *vs.* GEORGE D. DUPRE.

Hampshire.    September 19, 1928. — November 20, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Motor vehicle, Contributory, In use of highway, Causing death. *Evidence*, Competency, Of ownership of business, Of insurance. *Practice, Civil*, New trial. *Damages*, In tort.

At the trial of an action of tort by an administrator for causing the death of the plaintiff's intestate, the evidence in substance showed that the intestate, on an afternoon in June when it was "very stormy, raining and blowing pretty hard," was crossing a public way holding an umbrella against the wind, which was blowing from his right, when he was struck by the defendant's truck which came from his left over a straight and level street with a roadway twenty-eight feet wide at the speed of thirty to thirty-five miles an hour; that by the force of the blow the skull of the intestate was fractured, one of his legs was broken in two places, his body was thrown onto the hood of the truck and was carried about ninety feet, then rolled off into the street and was run over by the truck, which ran eighty feet farther

before it stopped; and that when the intestate started to cross the street, the truck was two hundred feet away from him. The driver stated that he could see the whole road, that the rain did not bother him, that he thought it was dangerous to drive at a speed greater than fifteen miles per hour and that going at that rate under the conditions he could stop within fifteen to twenty feet. *Held,* that

(1) A finding was warranted that the driver of the truck was negligent;

(2) A finding was warranted that the plaintiff's intestate was not guilty of contributory negligence.

At the trial of the action above described, it appeared that the defendant was the owner of the truck and that it was being driven by his brother. The defendant contended that the brother was acting as an employee, not of the defendant, but of his mother, who, he further contended, was the proprietor of a bakery business in which the truck was being used. It was admitted that the driver at the time of the collision was acting within the scope of his employment and in furtherance of the business of the owner of the bakery. The issue was directly raised, whether the defendant was the owner or had an owner's interest in the bakery. The defendant testified that he bought the truck "to be used in the baking business and not for anything else, and it was not used for anything else," and, in an application for liability insurance as to it, stated that his business was "baker," and that the truck was to be used for transportation of merchandise incidental to his business. *Held,* that

(1) It was proper to admit in evidence testimony of an insurance agent to the effect that a few months before the accident, at the request of the defendant, he renewed a policy of insurance indemnifying the defendant against loss or damage from accidents arising from the operation or use in the bakery business of the truck involved in the accident, and that such policy was in force at the time of the accident;

(2) It also was proper to admit evidence that the defendant's mother, who lived with her husband and sons, had not caused to be recorded under G. L. c. 209, § 10, a married woman's certificate for the year in which the accident occurred;

(3) It was proper to exclude evidence that three years before the accident a third person had executed a bill of sale to the defendant's mother of a one-half undivided interest in the bakery business and the appliances and utensils, where the record disclosed no statement that the bill of sale was delivered or that the mother was present when the bill of sale was signed, nor any fact to show her connection with the transaction, other than the statement of the attorney: "I knew . . . [the mother] at that time."

There was no abuse of judicial discretion in the denial of a motion for a new trial of the action above described based on the ground that the damages awarded, $9,000, were excessive.

TORT by the administrator of the estate of Franciszek Szczygiel for causing the death of the plaintiff's intestate

through negligence on June 1, 1925. Writ dated September 18, 1925.

In the Superior Court, the action was tried before *Irwin, J.* Material evidence and exceptions saved by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $9,000. A motion of the defendant for a new trial on the ground that the verdict was against the evidence and the weight of the evidence, and that the damages were excessive, was denied by the trial judge. The defendant alleged exceptions.

The defendant, in his brief before this court, relied, so far as his exception to the denial of the motion for a new trial was concerned, only on the ground that the damages were excessive.

*W. H. Brooks, J. P. Kirby & E. S. Searle,* for the defendant, submitted a brief.

*T. C. Maher, (J. A. Frankowski* with him,) for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for the death of Franciszek Szczygiel, the plaintiff's intestate, alleged to have been caused by the negligent operation of a Ford automobile truck by one Louis Dupre, who, it was alleged, was an employee of the defendant. A second count for conscious suffering was waived at the trial. The defendant's answer is a general denial and the contributory negligence of the plaintiff's intestate.

The case is before this court on exceptions taken by the defendant to the refusal by the trial judge, at the close of all the evidence, to direct a verdict for the defendant; to the admission in evidence on behalf of the plaintiff of an insurance policy and application therefor insuring George Dupre against liability, as owner of the automobile which figured in the accident; to the admission of the evidence of the town clerk of Easthampton, that Mrs. Dupre, mother of George, had not filed a married woman's certificate in the office of the town clerk of Easthampton; and to the refusal by the judge to admit on behalf of the defendant a bill of sale of a bakery business and the appliances and utensils to Mrs. Dupre. All the material evidence is contained in the bill of exceptions.

At the trial it was not in dispute that the plaintiff's intestate came to his death through a collision, on Everett Street in Easthampton, with a Ford automobile truck, owned by the defendant, registered in his name, and operated by Louis Dupre, a brother of the defendant, while acting within the scope of his employment in "Dupre's Bakery" business.

On the motion for a directed verdict, the evidence upon the issue of the intestate's due care and the negligence of the driver of the car, in its aspect most favorable to the plaintiff, warranted the jury in finding the following facts: The intestate at the time of the collision was a man about thirty-eight years old, about six feet tall, and weighed about one hundred seventy-five pounds. Everett Street in Easthampton is a public highway running easterly and westerly and is straight and level for a distance of several hundred feet easterly from the place of the accident. It is forty feet wide, the roadway being twenty-seven or twenty-eight feet wide. There is a row of buildings on the southerly side of the street numbered 40, 42, 44, 46 and 48. The street is intersected on its southerly side at a point about eighty feet westerly from the place of the accident, by Franklin Street, and at a point about fifty feet easterly therefrom it is intersected on the southerly side by Lovell Street. A cemetery extends along its northerly side. Parsons Street leads off Everett Street and runs north. Colton's mill is about seven or eight minutes walk westerly from the place of the accident. The most direct route from Colton's mill to Parsons Street is over Everett Street going easterly. There is only one manhole and it is in front of Franklin Street and is in line with the second telegraph pole from the hydrant. There are no cross walks on that portion of Everett Street which is shown on the plan. To get to the home of the intestate on Parsons Street from the place of the accident he would have to go along Everett Street quite a distance. The accident happened on June 1, 1925, at about half after five or a quarter before six in the afternoon.

The intestate, who was employed at Colton's mill, left the place of his work at about half after five in the afternoon

and on his way home travelled easterly on the northerly side of Everett Street. "It was very stormy, raining and blowing pretty hard," the storm had been going on for some time with the wind from the west. The intestate held an umbrella over his right shoulder and back of his head, pointed in the direction of the oncoming storm, in such a way that it did not obstruct his view of anything approaching him on Everett Street from the east. When he reached a point about one hundred feet easterly of the intersection of Franklin Street and Everett Street, and west of Lovell Street, he left the sidewalk to cross the street to the southerly side. He reached a point a little past the middle of the street when he was struck by the defendant's truck.

The defendant's truck passed another truck going westerly on Everett Street, at a ravine about three hundred feet east of the place of the accident and four hundred seventy feet from the manhole. At this time the defendant's truck was going thirty or thirty-five miles an hour, and continued at the same rate of speed as it passed Lovell Street and until it struck the intestate, at a point somewhere between 46 and 48 Everett Street. When the intestate left the sidewalk the truck was two hundred feet away from him. The driver testified, "I could see the whole road, the rain didn't bother me at all in seeing." "I sounded a horn when I went by the truck but I didn't blow it after that. . . . I thought it was dangerous to drive over fifteen miles in the rain. . . . I was going . . . at that rate when I hit him." By the force of the blow the skull of the intestate was fractured, one of his legs was broken in two places, his body was thrown onto the hood of the truck, he was carried about ninety feet, then rolled off into the street and was run over by the truck, which ran eighty feet farther before it stopped. The driver further testified that "There was no other automobile ahead of me in the street, there was nothing to obstruct my view, there was light enough, so that I could see everything plainly in spite of the rain and everything else. . . . Under the conditions that existed that night, going fifteen miles an hour I could stop within fifteen to twenty feet."

Upon the evidence the jury reasonably could have found

that the driver was proceeding at an unreasonable and unsafe rate of speed when the truck struck the intestate; and that he should have seen the intestate crossing the street in season to have avoided a collision. The jury further were warranted in finding upon a fair view of the evidence that the plaintiff's intestate exercised reasonable prudence in venturing to cross the street upon which there were no vehicles then passing other than the truck driven by Louis Dupre and an automobile which followed that truck. The facts are not as matter of law inconsistent with a finding of due care and a reasonable prudence exercised by the intestate for his safety, and the plaintiff is entitled to the benefit of the presumption of such care by G. L. c. 231, § 85. There is nothing in the facts presented which compels the finding that the intestate's lack of care contributed to the accident, as was the case in *Murphy* v. *Boston Elevated Railway*, 262 Mass. 485, cited by the defendant.

At the trial, immediately following the introduction of evidence descriptive of the collision and of the conduct of the driver and the intestate, a conference was held at the bench, at which, in substance, counsel for the plaintiff stated that on account of illness Mrs. Dupre, mother of the defendant, would be unable to testify; that "he had entered into a stipulation with counsel for the defendant . . . that Mrs. Dupre if present in court as a witness, would testify that at the time of the accident she was the owner of the bakery business; that she had been conducting the bakery business for some time previous to the accident; that George Dupre, the defendant, had no interest in the business other than as an employee. That at the time of the accident the automobile was being driven by her son Louis; that he had been working for her for some time; that he was on his way to get some supplies to be used by her in the bakery. Counsel for the plaintiff then asked counsel for the defendant if defendant claimed that at the time of the accident he was not the owner of the bakery business and had no interest in it Counsel for the defendant in reply to this question stated that the defendant denied that he owned the bakery business and denied that he had any interest in that business other

than as an employee." From the evidence to be submitted to the jury under the stipulation and upon the denial that the defendant owned the bakery or had any interest in it other than as an employee, the issues were directly raised whether the driver at the time of the accident was engaged in furtherance of the business of the bakery and whether the defendant was the owner or had an owner's interest in it. It is admitted that the driver at the time of the collision was acting within the scope of his employment and in furtherance of the business of the owner of the bakery. We think the testimony of the insurance agent, to the effect that, in the spring of 1925, at the request of the defendant he renewed a policy of insurance indemnifying the defendant against loss or damages from accidents arising from the operation or use in the bakery business of the truck involved in the accident, and that such policy was in force at the time of the accident, was admissible to show ownership of the truck; *Perkins* v. *Rice*, 187 Mass. 28; and also was admissible as tending to prove that the defendant was the owner of the bakery business, when considered in connection with the testimony of the defendant: "When the truck was bought it was intended to be used in the baking business and not for anything else, and it was not used for anything else . . . I owned the truck at the time of the accident"; and the declaration of the defendant in the application for and in the policy of insurance, to the effect that he lived at 41 Parsons Street (the home of his mother in the rear of which the bakery business was conducted), that his "profession or business is — Baker," that the automobile "will be principally used in the city . . . of — Easthampton, Massachusetts," that the truck will be "used for the following purposes only: A. Truck type automobiles (if any) for transportation of materials or merchandise incidental to Assured's business or occupation, including loading and unloading"; and that "automobiles (a) are owned by the above-named Assured, (b) will not be rented to others or used to carry passengers for a consideration"; and when the testimony of the insurance agent is used and considered in connection with the further testimony of the defendant, that he was the general

manager of the business with a compensation which depended upon profits, it is sufficient to warrant a finding that he owned or had an interest in the business. Taking all the evidence into consideration, the testimony of the insurance agent and the contents of the policy were corroborative, or had a tendency to corroborate, the testimony of witnesses that the defendant after the accident answered "Yes" to the question whether "it was his truck that was involved in the accident."

The evidence, to the effect that Mrs. Stevina Dupre, the defendant's mother, who lived with her husband and sons on Parsons Street, had not caused to be recorded a married woman's certificate for 1925, was admitted rightly. In connection with all the evidence it had a probative value in determining the issue whether the mother or the son was the owner of the bakery; and incidentally whether, if owner of the business, she would be likely to carry it on subject to the obligations of her husband when a statute of the Commonwealth (G. L. c. 209, § 10), if its provisions were observed, furnished an impregnable shield to her property against the assault of any creditor of her husband. The evidence was not inadmissible because logically weak or not very persuasive; it is sufficient that it had probative value in confirmation of the contention that the mother of the defendant was not the owner of the bakery business.

The evidence offered by the defendant, that in 1922 one Braysan executed a bill of sale to Mrs. Dupre of a one-half undivided interest in the bakery business and the appliances and utensils, upon the record was excluded rightly. There is no statement that the bill of sale was delivered, that Mrs. Dupre was present when the bill of sale was signed, nor any fact to show her connection with the transaction, other than the statement of the attorney: "I knew Mrs. Dupre at that time."

There is no reversible error in the refusal by the judge to grant a new trial on any one of the grounds set out in the defendant's motion. New trials are not to be granted as of right and we perceive no abuse of discretion here.

*Exceptions overruled.*