## ANTONIO PALOMEBELLA *vs.* GEORGE L. FOSS.

Hampden.    November 2, 1931. — November 2, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

On conflicting evidence at the trial of an action of tort for personal
  injuries and property damage arising from a collision at the inter-
  section of two streets between an automobile operated by the plain-
  tiff and an automobile operated by the defendant, the question,
  whether the plaintiff was guilty of contributory negligence, was for
  the jury.

TORT.    Writ dated October 10, 1928.

The action was tried in the Superior Court before *Lummus*,
J.   Material evidence is stated in the opinion.   The judge
denied a motion by the defendant that a verdict be ordered
in his favor.   There was a verdict for the plaintiff in the
sum of $500.   The defendant alleged an exception.

The case was submitted on briefs.

*E. W. Sawyer & R. S. Spooner*, for the defendant.

*J. J. Higgins*, for the plaintiff.

RUGG, C.J.    This is an action of tort to recover compen-
sation for damage to an automobile owned and operated
by the plaintiff and for personal injuries received by him,
alleged to have been caused by reason of a collision with an
automobile owned and negligently operated by the de-
fendant.   The answer was a general denial and an allega-
tion of contributory negligence.   The exceptions raise
only the question whether the case rightly was submitted
to the jury on the due care and contributory negligence
of the plaintiff.   *O'Connor* v. *Hickey*, 268 Mass. 454.   The
burden of proving contributory negligence rested upon the
defendant.   G. L. c. 231, § 85.   It is not necessary to re-
cite the evidence in detail.   It was somewhat conflicting.
There were no irrefutable physical facts with a decisive
bearing upon this question.   The accident occurred at the

intersection of two streets. There was evidence which, if believed, tended to show that the plaintiff, nearing the intersection at a rate of speed of eight or nine miles an hour, looked in both directions for approaching vehicles but did not see the automobile of the defendant, that the defendant "was going about forty miles per hour," and that the plaintiff's motor vehicle was struck broadside by that of the defendant and overturned. This evidence together with all the circumstances was sufficient to bring the case within the general rule that, when a collision between vehicles occurs at intersecting streets, the issue of the plaintiff's due care and contributory negligence ordinarily presents a question of fact and cannot be ruled as matter of law. *Dillon* v. *Plimpton*, 239 Mass. 588. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40, 44.

*Exceptions overruled.*