CHARLES J. WALSH *vs.* GEORGE W. WILSON.

Suffolk.     November 17, 1932. — November 18, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* In use of way, Motor vehicle, Contributory.

Evidence at the trial of an action of tort relating to a collision of automobiles at an unobscured corner of public ways, where an automobile driven by the plaintiff, who before entering the intersection had observed the defendant's automobile on his left such a distance away that he thought he had ample time to cross, was struck "amidship" by an automobile of the defendant travelling at the rate of forty-five miles per hour, presented issues of fact and warranted a finding for the plaintiff.

TORT. Writ in the Municipal Court of the City of Boston dated July 25, 1931.

In the Municipal Court, the action was heard by *Putnam,* J. Material evidence is described in the opinion. The judge denied requests for rulings, in effect that there was no evidence warranting a finding of negligence of the defendant, and that the evidence as a matter of law required a finding of contributory negligence of the plaintiff.

There was a finding for the plaintiff in the sum of $3,221.80.

A report to the Appellate Division was ordered dismissed. The defendant appealed.

*F. H. Caskin, Jr.,* for the defendant.

*W. H. Keefe,* (*F. Keefe* with him,) for the plaintiff.

BY THE COURT. This is an action of tort to recover compensation for property damage and personal injuries alleged

to have been sustained in an accident between an automobile driven by the plaintiff and another automobile negligently driven by the defendant. The accident occurred on Summer Street, in Arlington. There was evidence tending to show that the plaintiff, driving on Hospital Road, complied with a "stop" sign before entering Summer Street, and, observing the autombile of the defendant on his left at a considerable distance away and thinking he had ample time to cross Summer Street and enter another street diagonally opposite Hospital Road, went slowly forward and as he was half way across Summer Street "his automobile was struck amidship" and turned around by the much lighter car driven by the defendant which then crossed Summer Street, broke down several feet of fence and came to a stop against the cement steps of a dwelling house; that the defendant was driving at a rate of forty-five miles an hour on a road forty-five feet wide around a curve, the view of the intersection with Hospital Road not being obstructed.

It is plain that this case falls within the general rule that when a collision occurs at intersecting streets the issues of due care and negligence of the respective drivers of the automobiles present questions of fact. *Dubois* v. *Goldstein*, 277 Mass. 139. *Palomebella* v. *Foss*, 277 Mass. 143. *Dodge* v. *Town Taxi, Inc.*, ante, 77.

*Order dismissing report affirmed.*