HAZEL M. SCOTT *vs.* FRED E. LIEBERMAN.

Middlesex.     October 23, 1933. — October 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way. *Practice, Civil*, Auditor: report. *Evidence*, Auditor's report.

An auditor, who, under an agreement that his findings of fact should be final, heard an action of tort by a woman for personal injuries, found in substance that, as an automobile, in which the plaintiff was riding and which was driven by her husband, was stopped to let traffic pass on an intersecting street, the plaintiff's husband put his hand out of the window, shifted gears into first speed and put his foot upon the foot brake; that at that moment an automobile driven by the defendant crashed into it from the rear, moving it forward four to five feet and throwing the plaintiff, who was sitting beside her husband, on the floor thereof, under the dash board, with the upper part of the back seat bending at its axis and striking her on the back;

that the defendant was negligent and that the plaintiff was not guilty of contributory negligence. A motion that judgment be entered for the plaintiff in accordance with the auditor's report was allowed. Upon exceptions and appeal by the defendant, it was *held*, that

(1) If it be assumed that the report of the auditor was open to the construction that it set out all the facts upon which the finding of negligence was based, those reported facts supported that conclusion;

(2) If it be assumed that the auditor did not state in his report all the subsidiary facts and evidence upon which his ultimate finding of negligence of the defendant was founded, plainly the order for judgment was justified and even required;

(3) In any event, the finding of negligence was warranted and ought not to be reversed: whether there was negligence was not left to surmise or conjecture, but rested upon supporting facts;

(4) The injuries of the plaintiff might reasonably have been found to have resulted from that negligence;

(5) The order for judgment for the plaintiff was proper.

TORT. Writ dated December 9, 1930.

The facts found by an auditor, to whom the action was referred under an agreement that his findings of fact should be final, are stated in the opinion. A motion that judgment be entered for the plaintiff in accordance with the findings by the auditor was allowed by *Pinanski*, J., and the defendant both alleged exceptions and appealed.

The case was submitted on briefs.

*E. M. Dangel, L. Aronson & M. J. Dangel*, for the defendant.

*F. C. Zacharer & J. D. O'Hearn*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries sustained in a collision between automobiles. The case was referred to an auditor under an agreement that his findings of fact should be final. Motion that judgment be entered for the plaintiff in accordance with the auditor's report was allowed.

The facts found by the auditor so far as material to the questions of law argued are these: At about eight o'clock in the evening of September 30, 1930, the husband of the plaintiff, operating an automobile on a street in Lowell, stopped about ten or fifteen feet from an intersecting street to let traffic pass on that street. The plaintiff was sitting on the seat beside her husband. As he stopped he put his

hand out of the window, and then shifted his gears into neutral. He then placed his gears into first speed and his foot on the foot brake. At that moment an automobile owned and operated by the defendant, who was then looking in another direction, crashed into the rear of the Scott automobile while it was stationary, moving it forward four to five feet, and throwing the plaintiff on the floor thereof, under the dash board, with the upper part of the back seat bending at its axis and striking her on the back. The front bumper, of the defendant's automobile became hooked with the rear bumper of the Scott automobile. The collision was caused by the negligence of the defendant. The plaintiff was in the exercise of due care.

If it be assumed that the report of the auditor is open to the construction that it sets out all the facts upon which the finding of negligence was based, those reported facts support that conclusion. Operation of an automobile on a public street by a driver "looking in another direction," so that it "crashed into" another automobile rightly stationary under the customary warning in front of it with the violence here disclosed, is adequate evidence of negligence. The violence of the collision and the inattention of the defendant to the stationary automobile directly in front of him were circumstances sufficient to support the inference of negligence. *Hendler* v. *Coffey*, 278 Mass. 339, 340. *Bryne* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 130, 131.

If it be assumed that the auditor did not state in his report all the subsidiary facts and evidence upon which his ultimate finding of negligence of the defendant was founded, plainly the order for judgment was justified and even required. *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173, 176. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246.

In any event the finding of negligence was warranted and ought not to be reversed. *Standard Oil Co. of New York* v. *Malaguti*, 269 Mass. 126. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147. Whether there was negligence was not left to surmise or conjecture, but rested upon supporting facts.

The injuries of the plaintiff might reasonably have been

found to have resulted from that negligence. Whether they did so result was a fact upon which the finding of the auditor was final.

It follows that the exceptions may be overruled and the appeal dismissed. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 152.

*So ordered.*