HARRIOTT E. BARROWS *vs.* CHECKER TAXI COMPANY.

Suffolk.     May 15, 1934. — March 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way. *Practice, Civil*, Auditor: findings by auditor, objections to report, recommittal. *Damages*, For tort.

The general rule, that when a collision between motor vehicles occurs at an intersection of streets the issue of the negligence of the respective operators is one of fact, was applicable in an action against a taxicab company for personal injuries sustained by a passenger in one of the defendant's taxicabs when it collided with another motor vehicle at an intersection of streets.

Objections to the report of an auditor, designed to raise the question whether the evidence warranted his findings, could not be considered by this court where it appeared that the objecting party had failed to comply with the requirements of Rules 89 and 90 of the Superior Court (1932).

In assessing damages in an action for personal injuries by a teacher of singing, it was permissible to consider the factor that the plaintiff, during the period of disability resulting from his injuries, was unable to give a certain number of scheduled music lessons and was unable to test the voices of people who, but for his injuries, would have come to him for that purpose.

The record of an action for personal injuries disclosed no error in a finding by an auditor, in assessing damages, that a "cash outlay" by the plaintiff for certain treatment was a "justifiable expense."

In assessing damages in an action for personal injuries, it was permissible to consider the amount paid by the plaintiff to an attendant employed to care for him in lieu of a registered nurse, and the amount of expense necessarily incurred by the plaintiff for the attendant's living expenses while so employed.

A motion to recommit to an auditor whose findings are to be final is a proper method of raising the question of the correctness of rulings by him as to the admission or exclusion of evidence.

TORT.    Writ dated March 29, 1932.

In the Superior Court, the action was referred to an auditor, whose findings were to be final. Material findings by him are stated in the opinion. He assessed the plaintiff's damages in the sum of $2,639.90. Objections by the defendant to the auditor's report were overruled by order of

*Williams,* J., who denied a motion by the defendant to recommit to the auditor and allowed a motion by the plaintiff for judgment upon the report. The defendant alleged exceptions.

*C. J. Innes, G. W. Roberts & F. H. Caskin,* for the defendant, submitted a brief.

*B. Potter,* for the plaintiff.

Rugg, C J.  This is an action of tort wherein the plaintiff seeks to recover compensation for personal injuries alleged to have been received by her, while being transported on a public way as a passenger in one of the taxicabs of the defendant, through the negligence of its driver by collision with another automobile owned by one Grandin. The accident occurred at the intersection of busy streets in Boston at about eight o'clock of a sleety February evening when snow was also falling. The case was referred to an auditor under an agreement that his findings of fact should be final. The report of the auditor was favorable to the plaintiff upon all points and there was a finding of substantial damages. Appended to the report are seven objections by the defendant. The defendant filed a motion to recommit the case to the auditor. The plaintiff filed a motion for judgment in accordance with the auditor's report. The trial judge denied the motion to recommit the auditor's report, overruled the defendant's objections to that report, on that report made a finding in favor of the plaintiff, and allowed the plaintiff's motion for judgment in her favor on that report, all subject to the defendant's exceptions.

The facts found by the auditor are that the taxicab in which the plaintiff was a passenger had been travelling along Dartmouth Street toward the north and started to cross Huntington Avenue, a highly travelled way, at the rate of about twenty-five miles per hour under most unfavorable weather conditions. The Grandin automobile coming from the east stopped on its right side of Huntington Avenue before crossing Dartmouth Street. When the road was clear, the driver of that automobile started in first speed and went into second speed shortly after. Before he

had an opportunity to go into third speed, the taxicab of the defendant coming from his left collided with the front of his automobile when well into the medial line of Dartmouth Street. The auditor found, without commenting on all the testimony, that it was a negligent operation of the taxicab to proceed across Huntington Avenue at the speed of twenty-five miles per hour and that there was ample opportunity for it to proceed behind the Grandin automobile and thus avoid collision, that the Grandin automobile had started to cross Dartmouth Street before the taxicab had reached the intersection of the two ways and that the accident was caused solely by the negligence of the driver of the taxicab, and that the driver of the Grandin automobile was reasonably prudent. While the impact of the collision was not severe, nor sufficient to stop either motor vehicle, the plaintiff was thrown to the floor of the taxicab and received injuries which at that time rendered her in a dazed condition and disabled her for a considerable period thereafter.

It is familiar law that, in an action arising from a collision of automobiles at intersecting streets, negligence, due care and contributory negligence of the respective parties present questions of fact. The case at bar plainly falls within that rule. On the facts found by the auditor, which the parties agreed should be final, the negligence of the driver of the taxicab of the defendant was the proximate cause of the injuries to the plaintiff. *Dodge* v. *Town Taxi, Inc.* 281 Mass. 77. *Walsh* v. *Wilson,* 281 Mass. 78. *Ferreira* v. *Zaccolanti,* 281 Mass. 91. *Thibeault* v. *Poole,* 283 Mass. 480, 483. *Mahoney* v. *Norcross,* 284 Mass. 153. The order of judgment for the plaintiff on those facts was right. *Scott* v. *Lieberman,* 284 Mass. 325.

The first three objections of the defendant to the auditor's report apparently were intended to raise the question whether the evidence warranted the essential findings as to liability. These objections are not properly before us. The defendant did not follow the procedure prescribed by Rules 89 and 90 of the Superior Court (1932). No evidence is reported or summarized in the report, and no spe-

cial order of the court was made touching these matters. *Carbonneau* v. *Cavanaugh, ante,* 139. Those three objections make no reference to erroneous rulings of law. *Lunn & Sweet Co.* v. *Wolfman,* 268 Mass. 345, 349. They need not be considered.

The objection that there was error in the finding that the value of loss of earning capacity of the plaintiff, by reason of being unable to give two hundred ninety-one scheduled music lessons during the time she was disabled, was $1,470, does not show any error of law. The plaintiff had a large and lucrative practice as a teacher of singing and lost, by reason of her injuries, the opportunity to give two hundred ninety-one of those lessons. This factor might be considered in assessing damages. There is nothing to show that the auditor failed to follow correct rules of law in considering this matter. *Braithwaite* v. *Hall,* 168 Mass. 38. *Gray* v. *Boston Elevated Railway,* 215 Mass. 143, 146. *Antokol* v. *Barber,* 248 Mass. 393, 397. *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282, 285.

The next objection is to the finding that "an item of $40 to Christian Unity was a justifiable expense." This is reported as a "cash outlay." Respecting it the auditor states that while the "testimony was going in from the plaintiff concerning treatment by the Christian Unity, the . . . defendant objected to the introduction of this evidence. I noted the defendant's exception stating at the time I did not believe it was the auditor's province to pass on the question . . . whether . . . that type of treatment was beneficial or not. I simply admitted it on the ground that it was obviously an attempt by the plaintiff to recover as speedily as possible." There is nothing in the record to indicate what this treatment was, and no further statement of the evidence received. On this meager showing, the action of the auditor cannot be pronounced erroneous in law. *Sibley* v. *Nason,* 196 Mass. 125, 131. *Scott* v. *Lieberman,* 284 Mass. 325. *Atwood* v. *Boston Forwarding & Transfer Co.* 185 Mass. 557, 559. *Lange* v. *Hoyt,* 114 Conn. 590, 597.

Evidence was received by the auditor concerning the amount paid a woman attendant to take care of the plaintiff in lieu of a registered nurse and the amount of expense necessarily incurred for her living expenses while caring for the plaintiff. This was a proper element for consideration on damages sustained by the plaintiff. *Turner* v. *Boston & Maine Railroad,* 158 Mass. 261, 267.

Loss of income resulting from being unable to test voices of people who would but for her injury have come to her for that purpose was a proper factor for consideration by the auditor. Moreover, it is stated in the report that it was agreed between counsel that that item should be reduced, and damages were accordingly adjusted to a smaller sum. It follows that no error of law is disclosed on the face of the report.

There was no error of law in the denial of the motion to recommit the auditor's report. That is a proper method to raise questions as to the correctness of rulings touching the admission or exclusion of evidence where the auditor's findings of fact are final. No such errors appear on the face of the report. In all other respects such a motion is addressed to judicial discretion. *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251, 253. *Walsh* v. *Cornwell,* 272 Mass. 555, 560. *Carbonneau* v. *Cavanaugh, ante,* 139.

*Exceptions overruled.*