MARTIN JOYCE *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk. March 10, 29, 1938. — October 27, 1938.

Present: FIELD, C.J., LUMMUS, DOLAN, & COX, JJ.

*Negligence,* Contributory.

A workman, familiar for fifteen years with the position and use of railroad tracks at the side of a street over which he passed to and from his work, was guilty of negligence as a matter of law in walking on the tracks and not looking to see, or in not seeing if he looked, a car being backed toward him.

TORT. Writ in the Municipal Court of the City of Boston dated December 20, 1933.

On removal to the Superior Court, the action was tried before *Brogna,* J., and a verdict was returned for the plaintiff in the sum of $5,000.

*J. J. Whittlesey,* for the defendant.

*D. H. Fulton,* for the plaintiff, submitted a brief.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff when struck by a freight train, while he was walking upon or

near railroad tracks upon which the train was being operated by the defendant.* The action was tried to a jury which returned a verdict for the plaintiff. The case comes before us on the defendant's exceptions to the denial of its motion for a directed verdict, to the refusal of the judge to give in substance certain instructions. to the jury, and to portions of his charge. Other exceptions taken by the defendant in the course of the trial have been expressly waived.

The evidence in its aspect most favorable to the plaintiff tends to show the following facts: The accident occurred on January 22, 1929, on land then held and in part used by the United States government as a storage place for military supplies and commonly called the "Army Base." Most of the buildings on the premises were, however, leased to private corporations engaged in commercial enterprises not associated in any way with the national government. Railroad tracks, over which the defendant operated its locomotives and cars, ran easterly and westerly, and extended substantially the entire length of the pier or Army Base. On one side of the tracks a paved way called Terminal Street, sixty feet in width, extended centrally along the pier. The tracks involved are on private land and not owned or leased by the railroad corporation.

The plaintiff was an employee of the Bay State Shipping Company, which occupied most of the buildings lying adjacent to the tracks by virtue of a lease or leases from the Federal government. He had been employed by that company or its predecessors on the "Army Supply Base Pier," as a general laborer, for over fifteen years prior to the accident. "He did what he was told to do inside and outside the buildings." On the day in question he completed his work at "a little after five o'clock" in the afternoon. He started for home and walked along Terminal Street on the left hand or southerly side, "where the tracks were laid." The surface there was paved in the same manner as the area of Terminal Street adjacent to the tracks on the north-

---

\* The action was brought in the name of the plaintiff under the provisions of G. L. (Ter. Ed.) c. 152, § 15.

erly side. He saw the tracks, with the location and use of which he was familiar. The defendant placed and removed freight cars at the locus at all hours, but for the most part after 5 P.M. "It was kind of duskish, getting dark." The plaintiff saw no moving trains, but there were freight cars standing "here and there" on the tracks. "You might get two cars standing here and you might go fifty yards before you would meet two cars more." "Going along all of a sudden . . . [the plaintiff] heard the crash." "Something bumped into him; it was one of the cars the engine was set on to." The locomotive was backing down the tracks in the opposite direction to that in which the plaintiff was walking. "The back end of the car hit him and put him out; hit him in the left chest; it knocked him into a hole that was in the side of the track . . . ." The plaintiff did not see anybody there with a signal "of any kind, no light . . . he was walking along and . . . [the car] took him down." "He saw the engine after he got hurt, it was puffing and backing up; after he went out to Summer Street he did see it." There was evidence that he sustained personal injuries as a result of the accident. Terminal Street was the means provided for and used generally by vehicles and pedestrians to and from Summer Street; it is sixteen hundred feet in length and about sixty feet wide. The tracks in question were located within three or four feet of the buildings on the southerly side of the street.

The burden was on the defendant to prove that the plaintiff had been guilty of contributory negligence. G. L. (Ter. Ed.) c. 231, § 85. It is only in rare instances that this requirement can be said, as matter of law, to have been satisfied. *Mosher* v. *Hayes*, 288 Mass. 58. Where the evidence is conflicting or where on all the facts more than one inference rationally may be drawn "it is a question of fact and cannot be ruled as matter of law." *Mercier* v. *Union Street Railway*, 230 Mass. 397, 404. *Lekarczyk* v. *Dupre*, 265 Mass. 33, 38. But where "from the facts which are undisputed or indisputable, or shown by evidence by which the plaintiff is bound [as in the case at bar], only one rational inference can be drawn and that an inference

of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed." *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 379. In such a case the provision of G. L. (Ter. Ed.) c. 231, § 85, making contributory negligence "an affirmative defence to be set up in the answer and proved by the defendant" is not sufficient to entitle the plaintiff to have the case submitted to the jury. *Allen* v. *Boston & Maine Railroad*, 245 Mass. 139, 142. *O'Callaghan* v. *Boston Elevated Railway*, 249 Mass. 43, 44. *Murphy* v. *Boston Elevated Railway*, 262 Mass. 485, 487. See *Brown* v. *Henderson*, 285 Mass. 192, 196. The statute just referred to does not change the substantive law of negligence.

In the case at bar the plaintiff was familiar with the location of the tracks in question. At the time of the accident it was light enough for him to see the tracks and freight cars standing upon them here and there, and after he had been struck he saw the engine attached to the car which struck him. It follows that it must have been possible for him to have seen the train before it struck him if he had looked. Either he did not take advantage of his apparent opportunity to look in a place which he must be taken to have known was one of danger, whether he was walking upon the tracks or so near thereto as to have been struck by the train, or he looked so carelessly that he did not see the approaching train and continued on a path of known danger, although a plan of the locus discloses that Terminal Street was wide enough beside the tracks to afford him ample and safe means of egress. It was the normal means of egress from the place where he concluded his labors. In the circumstances before recited, if the plaintiff looked and did not notice the approaching train he must have looked carelessly and so is in the same situation as if he had not looked at all. *Collins* v. *Boston Elevated Railway*, 218 Mass. 284, 286. If he did not look when he might have done so his neglect to use his eyes was palpable negligence, and the evidence does not disclose any reasonable excuse for it. *Butterfield* v. *Western Railroad*, 10 Allen, 532, 534. *Aller-*

*ton* v. *Boston & Maine Railroad,* 146 Mass. 241, 246. *Byrnes* v. *New York, New Haven & Hartford Railroad,* 195 Mass. 437, 440.

A railroad track is a place of danger, and one, unnecessarily and voluntarily going upon it or so near to it as to be in a position of peril, must take active measures of precaution. *Bancroft* v. *Boston & Worcester Railroad,* 97 Mass. 275, 278–279.

If we assume that the jury could have found that the defendant was guilty of negligence having a causal connection with the plaintiff's injury, and assume, without deciding, that the rights of the defendant over and upon the tracks did not rise above those of the plaintiff, the latter "was yet not relieved of the duty to use reasonable care for his own safety." *Byrnes* v. *New York, New Haven & Hartford Railroad,* 195 Mass. 437, 439. We are of opinion that the evidence most favorable to him requires a ruling, as matter of law, that at the time of the accident he was guilty of contributory negligence, and that the judge erred in denying the defendant's motion for a directed verdict. It is unnecessary to consider the other exceptions argued by the defendant's counsel.

The defendant's exception to the denial of its motion for a directed verdict is sustained. In accordance with the provisions of G. L. (Ter. Ed.) c. 231, § 122, judgment is to be entered for the defendant, and it is

*So ordered.*