Gadsby, J.
This is an action of tort for personal injuries and property damage alleged to have been received as a result of a collision between two motor vehicles at an intersection. The answer is a general denial and a plea of contributory negligence.
The defendant filed' among other requests for rulings of law the following #3:
“Upon all the evidence a finding is warranted that the plaintiff was guilty of contributory negligence. ’ ’
The trial judge denied this request without any findings of fact. The court found for the defendant.
The dual position of a trial judge has been so often ruled by this court that repetition seems almost unnecessary. As was said in Hetherington & Sons vs. Firth, 210 Mass. 8 at 18, “When a case is tried without a jury, a judge occupies a dual position; he is the magistrate required to lay down correctly the guiding principles of law; he is also the tribunal compelled to determine what the facts are. When these duties are nicely analyzed, he ought as judge, to for *222 muíate the governing rules of law and then, acting in place of the jury, he ought to follow those rules in deciding where the truth lies on conflicting evidence.”
In Castano vs. Leone, 278 Mass. 429 at 431, the court said concerning the duties of a trial judge sitting without a jury, “He must lay down pertinent rules of law for his own guidance; and having done that he must follow those rules in making the findings of material facts upon the evidence. ’ ’ As was said in Bresnick vs. Heath, 292 Mass. 293 at 298, ‘ ‘ The plaintiff was seeking a ruling there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or a statement of findings of facts showing that the requested ruling had become irrelevant. ’ ’
In Povey vs. Colonial Beacon Oil Co., 294 Mass. 86 at 93, the court said, “The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make it plain that he has not fallen into error.”
The court in Strong vs. Haverhill Electric Co., 299 Mass. 455 at 456, said, “If such a requested ruling has been refused and nothing more appears that a general finding for the defendant has followed, the general finding will be deemed the result of a ruling, implicit in the refusal of the ruling requested, that the evidence did not warrant a finding for the plaintiff. If the evidence did warrant such a finding, the refusal of the requested ruling is error because the plaintiff has been deprived of the right to have the evidence considered upon the material issues of fact. ’ ’
At this stage of the proceeding when the court is considering the request, the question of credibility is not before the court. The trial judge has not yet reached that stage. The only question was whether there was sufficient evidence to warrant him in submitting the case to himself as the *223 jury acting in Ms dual capacity. In short, a judge could properly grant such a request that there was evidence sufficient to warrant a finding for the defendant and consistently enter a finding for the plaintiff. He then is making his decision on the credibility of the witnesses and has considered the crucial questions of fact. But when a judge denies such rulings without any memorandum of finding of the facts, then a party has no way of knowing along what lines the judge proceeded. The defendant as a matter of law was entitled to have the ruling requested or a statement of findings of fact showing that the requested ruling has become irrelevant or inconsistent with the facts found.
As was said in Hillyer vs. Dickerson, 154 Mass. 502 at 504, “ The question whether there is evidence which should properly be submitted to the jury is sometimes a very nice one, since the court is not at that stage of the proceedings to pass upon the weight of the evidence, but only to determine whether there is any evidence sufficient to go to the jury.”
The judge by the denial of request #3, has in effect ruled that the plaintiff as a matter of law was free from contributory negligence. This constitutes error because as was said in Barrows vs. Checker Taxi Co., 290 Mass. 231 at 233, “It is familiar law that, in an action arising from a collision of automobiles at intersecting streets, negligence, due care and contributory negligence of the respective parties present questions of fact.”
The record does not show that the ultimate decision may not have been due to the erroneous view of law of the trial judge expressed by his denial of the defendant’s request. It is clear, therefore, that prejudicial error was committed by the trial judge in Ms denial of this request and, therefore, the finding for the plaintiff is vacated and the case remanded for a new trial.