*Western District*

## WALTER W. WELCH
### v.
## WILLIAM BOVAT

Argued: June 28, 1965—Decided: July 28, 1965

*Present*: Garvey, P. J., Levine & Allen, JJ.

Case tried to *Barnes, J.* in the District Court of Springfield. No. 171728.

*Garvey, P. J.* This is an action of tort, to recover damages resulting from a collision of two motor vehicles at the intersection of two public ways in Springfield. The defendant denied liability and pleaded contributory negligence and violation of law. There was a finding for the plaintiff and the defendant claims to be aggrieved by the denial of his requests for rulings of law.

The trial judge in special findings, justified

on the reported testimony of the two operators, *found* there was a collision of two motor vehicles about 7:40 A.M. on November 21, 1962, at the intersection of two public ways in Springfield. The plaintiff was operating his motor vehicle southerly on *Plainfield Street* in the right, or westerly lane of two south bound traffic lanes. At the intersection of *Bradford Street* traffic moving south and north on *Plainfield Street* was controlled by flashing *yellow lights*—traffic moving east and west on *Bradford Street* by flashing *red lights*. As the plaintiff approached Bradford Street, at a speed of about fifteen miles an hour, there was a tractor-trailer stopped in the easterly or left lane for south bound traffic on Plainfield Street preparing to make a left turn into Bradford Street. When the plaintiff's motor vehicle was about ten feet into the intersection it was struck by a truck, operated by the defendant, which was making a left turn from the north bound lane of Plainfield Street to proceed west on Bradford Street. At this point the stopped tractor-trailer obscurred his view of the plaintiff's motor vehicle but he proceeded to cross Plainfield Street without stopping and looking to determine if there was any south bound traffic. The trial judge also found that the plaintiff did not violate the law in passing to the right of the tractor-trailer, and if he did, it was not causally related to the accident. He found the accident and resulting damage

was caused solely by the negligence of the defendant.

■ The report, in our opinion, brings no issues of law to us for determination, as we feel the defendant's requests[1] are for findings of fact and not for rulings of law. "Under our practice it is clear that in an action at law a judge is not required to pass upon requests for findings of fact, and that his denial of them or failure to pass upon them presents no question of law." *Stella v. Curtis,* 348 Mass. 458.

■ However, we deal briefly with the defendant's contentions, unsupported as they are by the citation of any decisions. A trial judge's findings of fact cannot be disturbed unless clearly wrong, which here they were not. *Codman v. Beane,* 312 Mass. 570, 573; *O'Toole v. Magoon,* 295 Mass. 527, 529-530; *McKenna v. Andreassi,* 292 Mass. 213, 215.

■ Rarely can it be ruled as a matter of law that the party upon whom rests the burden of proof has maintained his case where the decision rests upon the credibility of oral testimony and the inferences to be drawn from the circumstances. *Hoffman v. Chelsea,* 315 Mass. 54, 56; *Winchester v. Missin,* 278 Mass. 427, 428.

[1] (1) The defendant was not negligent. (2) The plaintiff was negligent. (3) The defendant had the right of way. (4) The plaintiff entered the intersection at a time when his vision was obstructed and this was the proximate cause of the accident. (5) The plaintiff violated the law in passing on the right.

■ "When a collision occurs between automobiles at an intersection of ways the question whether there has been negligence on the part of either or both of the operators is generally one of fact." *Bresnick v. Heath,* 292 Mass. 293, 297; *Barrows v. Checker Cab Co.,* 290 Mass. 231, 233.

■ "Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury." *Faley v. Hamelburg,* 347 Mass. 430. The trial judge found no violation or contribution.

*The report is to be dismissed.*

Daniel T. Bullman, of Springfield, for the Plaintiff.
Phillip J. Shine, of Springfield, for the Defendant.