## THOMAS COLLINS *vs.* JAMES GREELEY.

Hampden.    September 26, 1894. — October 19, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Argument to Jury — Improper Influence — Instructions.*

At the trial of an action the plaintiff's counsel in his closing argument made certain observations from which it might be inferred that improper influence had been brought to bear on the jury, but there were no suggestions or intimations during the trial of anything on which they could be based.  The defendant's counsel asked the judge to instruct the jury that there was no evidence to justify the use of the language, that it was uncalled for, and that they should give it no weight.  The judge declined so to instruct the jury, but gave instructions which covered those requested, and told them in substance that they were to decide the case upon the law and the evidence, and nothing else.  *Held*, that the defendant had no ground of exception.

TORT, for assault and battery, the only question tried being the amount of damages.

At the trial in the Superior Court, before *Fessenden*, J., the plaintiff's counsel, in his closing argument to the jury, used the following language : " I don't care if the atmosphere of the corridors of the court-house has been palpitating with suggestions about this case.  I don't care if there are friends of the defendant on the jury, or friends of his friends, or if there have been sibilant whisperings about the court-room concerning this case.  Such things should not have any influence upon your deliberations or conclusions in this case, and I do not believe they will have any influence."

There was no evidence, nor any suggestion or intimation during the trial, of anything upon which such remarks could be based.

The defendant's counsel, at the close of the plaintiff's argument, asked the judge to instruct the jury that there was no evidence to justify the use of the above language, and its use was uncalled for and without right, and that they should give it no consideration and no weight, as against the defendant.  The judge did not give such instructions, but said to the jury concerning the use of the language :

" Of course you judge these cases, and I use the word *judge* advisedly, by what you hear in the court-room. I should feel very sorry if I thought for one moment that any other influence was used. A party comes into court and asks to have the rules of law applied, and it would be a matter of regret if any other rules should be applied, or if in any way you should be influenced. I speak of this because I was somewhat surprised at the suggestion that has been made. I sincerely hope, and I believe that, as far as you are concerned, it is a mistaken view. I believe this because I know how careful and scrupulous you have been during this sitting that the cases should be judged by you on the law and the evidence. Therefore I feel confident that there is no occasion for any suitor here to have any fear that jurors can be influenced by anything but that which is legitimately before them. Perhaps there is no occasion for me to say what I have said, and certainly there is no occasion for me to say anything more about it. You have shown by your treatment and careful examination of cases that you take them under the rules of law which both parties invoke when they come into the court-room. Both parties seek the benefit and the protection of those rules, and both have received thus far in this sitting that benefit and protection, and I have every confidence to believe they will continue to do so. You will take the case, and decide it according to those rules."

The defendant did not object or except to the instructions given. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the refusal to give the above request to the jury.

*E. H. Lathrop,* for the defendant.

*W. H. Brooks & W. Hamilton,* (*A. T. Guyott* with them,) for the plaintiff.

MORTON, J. The remarks objected to were uttered in the closing argument of the counsel for the plaintiff. The exceptions state that there were no suggestions or intimations during the trial of anything on which they could be based. If anything material, which was likely to affect the proper course of the trial, and which appeared to justify what he said, had come to the knowledge of the counsel for the plaintiff, it was his duty to bring it to the attention of the court. If he merely suspected

or imagined that there might be something of that sort, then the intimations and suggestions and the declamatory style that were used, though probably due to the zeal of counsel in a closing argument, were unwarranted, and were not legitimate argument. While the court might properly enough have gone farther than it did, the instructions which it gave covered and included those which were requested. It told the jury, in substance, that they were to decide the case upon the law and the evidence and nothing else, and it is to be presumed that they did so.                                                     *Exceptions overruled.*