## Oscar J. Dillon vs. Austin S. Plimpton.

Worcester.   September 26, 1921. — October 11, 1921.

Present: Rugg, C. J., De Courcy, Pierce, Carroll, & Jenney, JJ.

*Negligence,* Motor vehicle, In use of highway.  *Practice, Civil,* Exceptions.

At the trial of an action by the owner of a motor car against the owner of a motor truck for damages resulting from a collision, there was evidence tending to show that at four o'clock in the afternoon of a day in January, as the plaintiff's car was approaching the intersection of two public streets, it was travelling on its right hand side of one of them and its speed was diminished to from five to eight miles an hour, that the defendant's truck, weighing with its load eight and one half tons, approached the intersection on the same street from the opposite direction in street car tracks and that the driver of the defendant's truck suddenly, without giving any signal, turned to his left, cut short and went just in front of the plaintiff's car, making the collision inevitable.  *Held,* that the general rule, that, when a collision occurs at intersecting streets between automobiles, the issues of the plaintiff's due care and the defendant's negligence ordinarily present questions of fact for the jury, applied.

Where, during the argument of an action of tort for damages resulting from a collision of motor vehicles on a highway, the plaintiff's counsel argues "The only witness to testify as to speed was the defendant" and the defendant's counsel says "I object," whereupon the trial judge states, subject to an exception by the defendant, "There is no occasion for the interruption," and the plaintiff's counsel, continuing his argument, says "No witness testified as to speed except the defendant and a man standing two hundred feet away" and the judge in his charge reviewed all the evidence on the subject, no error harmful to the defendant is shown.

Tort for damages to a motor car of the plaintiff alleged to have been caused by negligence of the operator of a motor truck of the defendant, causing a collision.  Writ dated February 27, 1919.

In the Superior Court, the action was tried before *N. P. Brown,* J. Material evidence is described in the opinion.  The circumstances of the interruption of the argument of the plaintiff's attorney, referred to in the opinion, were stated in the record as follows: "During the argument for the plaintiff, the plaintiff's attorney said, 'The only witness to testify as to speed was the defendant.' Defendant's counsel said 'I object.'  The court 'There is no occa-

sion for the interruption.' To which statement of the court the
defendant reserved an exception. The plaintiff's counsel, con-
tinuing his argument then said, 'No witness testified as to speed
except the defendant and a man standing two hundred feet away.'"

At the close of the evidence, the defendant moved that a ver-
dict be ordered in his favor. The motion was denied. The jury
found for the plaintiff in the sum of $1,000; and the defendant
alleged exceptions.

*C. W. Proctor (J. C. McDonald* with him), for the defendant.
*H. W. Blake,* for the plaintiff.

DE COURCY, J. On the motion for a directed verdict we must
accept the evidence that is most favorable to the plaintiff, as
apparently the jury did. These facts could be found: The plain-
tiff, who was conveying a party of eight soldiers from Camp
Devens to Boston, in his automobile, was proceeding easterly on
Broadway, in Cambridge. He was on his right hand side of the
street, near the curb as he approached Boardman Street, which
enters Broadway from the south. His attention being attracted
by a woman with a child he sounded his horn, and slowed down,
so that he was moving only from five to eight miles an hour when
he was passing the intersection of the two streets. The defendant's
truck, which with its load weighed more than eight and a half tons,
was coming along Broadway from the direction of Boston, westerly,
and in the car tracks. The driver of the truck, without giving
any signal, suddenly turned to his left, cut short and went just
in front of the plaintiff's car, making the collision inevitable.
The accident occurred at about four o'clock in the afternoon of
January 30, 1919; and there was no traffic on either street other
than the two automobiles. The facts bring the case within the
general rule, that when a collision occurs at intersecting streets
between automobiles, the issues of the plaintiff's due care and the
defendant's negligence ordinarily present questions of fact for
the jury. *Salisbury* v. *Boston Elevated Railway, ante,* 430, and
cases cited.

We are not prepared to say there was harmful error in the
remark of the judge, made when the defendant's counsel inter-
rupted the closing argument of counsel for the plaintiff. Appar-
ently the latter had not then finished what he had to say as to
the testimony about speed. In any event the trial judge in his

charge recalled to the attention of the jury all the evidence on that subject. *Collins* v. *Greeley,* 162 Mass. 273. *O'Connell* v. *Dow,* 182 Mass. 541.

*Exceptions overruled.*