S. D. SHAW & SONS, INC. *vs.* JOSEPH RUGO, INC. November 3, 1967. In this action of contract for labor and materials furnished by a subcontractor the only question presented is whether the judge correctly computed the amount of interest due the plaintiff. Our examination of the record in this case shows that the judge was right. Phases of this litigation have been before us on two previous occasions, and it is time for this litigation to terminate. The bill of exceptions is frivolous. Double costs are to be paid by the defendant.

*Exceptions overruled.*

*Daniel Briansky* for the defendant.
*Irvin M. Davis* (*Peter F. Davis* with him) for the plaintiff.

ANN A. LUPIA *vs.* ANN R. MARINO. November 3, 1967. In this action of tort for personal injuries arising from a collision of two motor vehicles at an intersection in Southbridge, the jury returned a verdict for Lupia, as plaintiff administratrix of one Golding, a passenger in the vehicle operated by Lupia, and for the defendant Marino on the count brought by Lupia as plaintiff operator. The sole question is whether the evidence warranted the finding, implicit in the latter verdict, that Lupia was contributorily negligent. Admittedly a "stop" sign faced Lupia as she, while traveling on High Street, approached the intersection of South Street. Lupia, who testified that she stopped before entering the intersection, contends that, since there was no direct testimony that she did not stop, there was a failure by Marino to sustain the burden of proof that Lupia was contributorily negligent. There was, however, testimony that Marino, who was familiar with the intersection and knew there was a sign controlling traffic on High Street, was traveling on South Street, had a clear view of the intersection and the stop sign, kept traffic under observation and saw no traffic at or approaching the intersection until the Lupia car "shot [out] in front of" her. This evidence, if believed, provided a factual basis for an inference that the Lupia car did not stop, thus providing some evidence of negligence. The resolution of the issue was not, as contended, left to conjecture but turned on credibility which was properly left to the jury. See *Jennings* v. *Bragdon*, 289 Mass. 595.

*Exceptions overruled.*

*Mack M. Roberts* for the plaintiff.
*James P. Rooney* for the defendant.