MARGARITA HUNTER *vs.* STATE STREET GARAGE
CORPORATION.

Suffolk.    January 14, 1976. — September 30, 1976.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Negligence,* Motor vehicle.

A finding of negligence by the driver of a motor vehicle involved in an
intersection collision was not warranted by evidence merely that the
motor vehicle came from the side and struck the vehicle in which
the plaintiff was a passenger on the rear quarter panel. [581-583]

TORT.    Writ in the Superior Court dated December 13,
1967.

The action was tried before *Scola, J.,* a District Court
judge sitting under statutory authority.

*William H. Shaughnessy* for the defendant.
*J. Sheffield Dow* for the plaintiff.
*Carol Gibson Smith* for Ralph Tarica, submitted a brief.

ARMSTRONG, J.    Shortly after eight o'clock on Saturday
morning, July 1, 1967, a car in which the plaintiff was a
passenger was involved in a collision with a car driven
by the defendant's employee and struck a post supporting
an elevated railway. The plaintiff was hurled through the
front windshield and sustained personal injuries for which
this action was brought. At trial the plaintiff waived
counts against the defendant's employee and against the
owner of the car the defendant's employee was driving,
and the jury returned a verdict for the plaintiff in the
amount of $30,000 on the remaining count.[1]

---

[1] The verdict was returned on October 13, 1970, and a bill of excep-
tions was filed and presented on November 25, 1970, but was never
acted upon. The case comes before us as an appeal under the new rules.
See Mass.R.Civ.P. 1A (7), 365 Mass. 732 (1974).

There was ample evidence to warrant a finding that the defendant's employee was acting in that capacity at the time of the accident, and his negligence, if any, must be imputed to the defendant. The issue which is dispositive of the appeal is whether the trial judge should have granted the defendant's motion for a directed verdict on the ground that there was no evidence sufficient to warrant a finding that the defendant's employee operated the vehicle he was driving in a negligent manner.

The evidence most favorable to the plaintiff on that question was her own testimony, given through an interpreter, to the following effect. A male friend, one Sanabria, had picked her up at her house on West Canton Street and was driving on Washington Street in a direction away from Boston at the time of the accident. She was in the front seat on the passenger's side. As their car approached the intersection of Washington Street and West Concord Street, it "came to a slow drive." Sanabria (who did not testify) "had a habit, since he picked her up at the house, every time he came to a corner he would slow down and continue." At the intersection their car was struck by a car which came from the passenger side (presumably from West Concord Street). It struck the side of their car "between the end of the front door and the back." Their car then hit the post, and the plaintiff "[went] through the windshield wiper, the front windshield wiper," and remembered nothing more until she woke up in the hospital. A photograph of the front of Sanabria's car, taken before it was removed from the scene, shows that it struck the post head on, directly in the center of the front bumper. It is apparent from the photograph (as it is from the fact of the plaintiff's having been hurled through the front windshield and from the severity of the injuries she sustained) that the forward thrust of Sanabria's car was considerable at the time of its impact with the post.

Apart from the conceded fact that there was a collision on Washington Street between a car driven by the defendant's employee and Sanabria's car before the latter struck the post, there was nothing in the testimony of the other

eyewitnesses which supports the plaintiff's story or suggests any negligence on the part of the defendant's employee; indeed, so fundamentally different is the version of the collision given by the other eyewitnesses that it would be somewhat capricious to transfer detail from either version into the other.[2]

It is, of course, fundamental that the negligence of drivers involved in intersection collisions usually presents a question of fact for determination by the jury. *Dillon* v. *Plimpton,* 239 Mass. 588, 589 (1921). *Morton* v. *Dobson,* 307 Mass. 394, 397 (1940). Nevertheless, "evidence of the parties' conduct may be so incomplete as not to warrant a finding of the defendant's negligence and to require a directed verdict for the defendant." Martin & Hennessey, Automobile Law and Practice, § 582, p. 425 (2d ed. 1967).

The theory of liability advanced by the plaintiff's attorney in his opening statement to the jury and reiterated in his brief in this court was that the car driven by the defendant's employee was traveling at an improperly "fast rate of speed, hitting [Sanabria's] car and driving him into the upright . . . [a]nd as a result of this impact the plaintiff . . . was thrown into the windshield . . . ." There was no evidence, however, that the defendant's employee was traveling at an improper speed or that the car he was driving hit Sanabria's car with unusual force. See *McEla-*

---

[2] The version of the accident given ·by the other eyewitnesses (the defendant's employee, his supervisor, and an off-duty policeman whose testimony that he witnessed the accident was brought into question on cross-examination) and a police investigator was that the car which the defendant's employee was driving was emerging from a driveway on the east (not the west) side of Washington Street, that it had come to a complete stop before the accident, that the Sanabria car was proceeding southbound on Washington Street at ·70 or 80 miles an hour, that it veered over the center line into the left-hand, or east, side of Washington Street, sideswiped the right side of the car the defendant's employee was driving, and ricocheted into the post in the intersection of Washington Street and West and East Concord streets. This version was implicitly rejected by the jury, but disbelief of that testimony is not the equivalent of proof to the contrary. *O'Connell* v. *Esso Standard Oil Co.* 337 Mass. 639, 642 (1958), and cases cited. Oddly, no physical evidence was introduced as to the damage sustained by the car the defendant's employee drove.

ney v. Hubby, 3 Mass. App. Ct. 717 (1975), and cases therein contrasted. We recognize that the plaintiff testified that Sanabria "slowed down" at the corner and was traveling at "a slow drive"; but even assuming, without deciding, that such vague characterizations ("slow" in relation to what? compare Mathieu v. Springfield Street Ry. 328 Mass. 13, 15 [1951]) could in other circumstances warrant an inference that the force of the collision was imparted by the other vehicle, in this case, on the plaintiff's own testimony, by which she is bound, the vehicle driven by the defendant's employee came from the side and struck Sanabria's vehicle on the rear quarter panel or fender. There was no further testimony or other relevant evidence concerning the angle at which the cars impacted.[3] Under these circumstances an inference that the unquestioned forward thrust of Sanabria's car in striking the post was imparted by the other car would not be warranted by the plaintiff's testimony. Consequently, the plaintiff's testimony did not warrant any conclusion as to the speed of the other vehicle at the time of the collision, and there was no other evidence that that vehicle was in motion at all at the time of the collision.

For much the same reasons, no inference could properly have been drawn that Sanabria had the right of way and that the defendant's employee was negligent in entering the intersection. There was no evidence introduced that any traffic light or stop sign controlled the intersection; and in the absence of some indication in the evidence of the respective speeds of the two vehicles no inference as to which one entered the intersection first (see G. L. c. 89, § 8) could be drawn from the evidence that the vehicle driven by the defendant's employee struck the rear fender of Sanabria's car.[4]

---

[3] The evidence relative to angle of impact given by witnesses other than the plaintiff (see fn. 2) is of no relevance to (and wholly inconsistent with) the plaintiff's version of the accident.

[4] The streets were several lanes wide: Washington Street was stipulated to be 75 feet in width and West Concord Street, 40 feet in width. We note that if the vehicles had approached the intersection simul-

In no case that we have found applying the general rule concerning intersection collisions has the evidence for the plaintiff been so devoid of detail as the evidence in this case; in none has an inference of the defendant's negligence been left so wholly to conjecture. Compare, e.g., *Salisbury* v. *Boston Elev. Ry.* 239 Mass. 430 (1921), and cases cited; *Dillon* v. *Plimpton,* 239 Mass. 588 (1921); *Clay* v. *Pope & Cottle Co.* 273 Mass. 40 (1930); *Palomebella* v. *Foss,* 277 Mass. 143 (1931); *Dodge* v. *Town Taxi, Inc.* 281 Mass. 77 (1932), and cases cited; *Barrows* v. *Checker Taxi Co.* 290 Mass. 231 (1935), and cases cited; *Cohen* v. *Martin,* 298 Mass. 425 (1937); *Aromando* v. *Leach,* 306 Mass. 286 (1940); *Morton* v. *Dobson,* 307 Mass. 394 (1940); *Lupia* v. *Marino,* 353 Mass. 749 (1967).

If, as we must, we accept the plaintiff's testimony as true, the case is indistinguishable in principle from *Buckley* v. *Railway Exp. Agency,* 323 Mass. 448 (1948), an intersection collision case in which a finding for the plaintiff was overturned on appeal. In that case, as in this, the finder of fact disbelieved the version of the accident given by the defendant's witnesses tending to show that the collision was caused by the plaintiff's negligence, but the evidence was insufficient to warrant a finding that the collision was caused by the defendant's negligence. As in that case, the evidence here goes no further than to show that the vehicle the defendant's employee was driving struck the plaintiff's vehicle in an intersection. What the employee's negligence, if any, consisted of is left wholly to conjecture. We are therefore of the opinion that the defendant's motion for a directed verdict should have been allowed.

*Judgment for the defendant.*

taneously, on the plaintiff's testimony, the defendant's employee, driving the vehicle entering from the right, would have had the right of way.