Allen, J.
 

 As no bill of exceptions is filed in this court, this case is defined by the pleadings and the transcript of the record. The questions which arise are the following: (1) Under Section 8, Article IV, of the Ohio Constitution, may the Legislature authorize a probate court to exercise divorce jurisdiction? (2) Under Section 8, Article IV, of the Ohio Constitution, may a probate court exercise more extended powers in some counties than in others? (3) Is the appeal provision in Section 10496, General Code, unconstitutional as being in conflict with Section 26, Article II, of the Ohio Constitution? (4) If the appeal provision in Section 10496, General Code, is unconstitutional, does it carry with it the error provision in the
 
 *454
 
 same section and render that provision also invalid? (5) If the appeal provision of Section 10496, General Code, is unconstitutional, upon the ground that it embodies a law of a general nature which does not have a uniform operation throughout the state, is the appeal provision of Section 10496, General Code, so inseparably united with Sections 10494, 10495, and 10497 that these sections are unconstitutional and void?
 

 The statutes in question bearing upon the problem are as follows:
 

 “Section 10494. In the counties of Pickaway, Licking, Richland, Perry, Defiance, Henry, Fayette and Coshocton, the probate court shall have concurrent jurisdiction with the court of common pleas in all proceedings in divorce, alimony, partition, and foreclosure of mortgages. In such suits or proceedings in the probate courts of such counties, it shall have jurisdiction to make, and enter any finding-, order, judgment or decree, which the common pleas could make, and enter in such suits or proceedings.
 

 “Section 10495. In each of such counties the probate court shall hold four terms annually for the hearing and trial of such causes, to-wit: One term commencing on the first Monday in January, one on the first Monday in April, one on the first Monday in July, and one on the first Monday in October.
 

 “Section 10496. Litigants shall have the right to appeal, and of error, from the probate courts of such counties to the common pleas courts, in such proceedings and suits.
 

 “Section 10497. The judges of such courts shall
 
 *455
 
 be allowed as compensation for the hearing of any such suits and proceedings the sum of two dollars, and, for their clerical services therein, such fees as are provided by law for the clerk of a court of common pleas in similar cases, to be taxed as costs in each case.”
 

 It is claimed by the plaintiff in error that the foregoing statutes are unconstitutional, first, upon the ground that the Legislature cannot grant to the probate court power to hear and determine divorce cases, and, second, because they conflict with Section 26, Article II, of the Ohio Constitution, which provides that all laws of a general nature shall have a uniform operation throughout the state.
 

 It is claimed on the other hand, by the defendant in error, that authority to enact the statutes is conferred by Section 8, Article IV, of the Ohio Constitution, which reads as follows:
 

 “The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in
 
 habeas corpus,
 
 the issuing of marriage licenses, and for the sale of land by executors, administrators, and guardians, and such other jurisdiction in any county or counties, as may be provided by law.”
 

 In support of his claim that the Legislature cannot give divorce powers to the probate court, plaintiff in error points to the fact that in the debates upon the adoption of the Constitution of 1851, Volume 1, page 669, we find a proposed draft of the section establishing the probate tribunal, which reads as follows:
 

 
 *456
 
 “Section 4. There shall be established in each county of the state a court of record, to be called the. county court, to be holden by one judge elected by the qualified voters of the county, with jurisdiction in
 
 habeas corpus,
 
 of probate and administration, the issuing and revocation of letters testamentary, letters of administration and guardianship, the settlement of accounts of executors, administrators and guardians, and such appellate jurisdiction in civil cases, and such original and appellate jurisdiction in criminal cases, as may be provided by law. The General Assembly may confer on this court jurisdiction for the sale of lands by executors, administrators and guardians.”
 

 Plaintiff in error then points out certain discussion in the debates, remarks of Mr. Stanbery, page 593; remarks of Mr. Kennon, page 602; remarks of Mr. Vance, page 612, in support of his contention, urging that these discussions establish the proposition that under Section 8, Article IV, the Legislature is not empowered to grant to the probate court any jurisdiction except such as is allied to the general jurisdiction of such courts in probate and testamentary matters.
 

 With this proposition we cannot agree. A thorough consideration of the debates dealing with this subject shows that while there was much discussion in 1851 over extending the power of the probate court, and while certain persons, including those named above, did object to extending the jurisdiction of the probate court except in very limited directions, there was considerable demand that it be left to the Legislature, in its discretion, to confer such other powers on the probate court
 
 *457
 
 as might be expedient for the administration of justice. Remarks of Mr. Holt, page 654, 1 Debates; Mr. Humphreville, page 669; Mr. Ewart, page 671.
 

 Now the proposed section (1 Debates, 669) above quoted, upon which plaintiff in error grounds much of his case, was not enacted. The proposal of Mr. Humphreville, for which he was contending upon the ground that the Legislature should be left free to confer such other powers upon the probate court as it might find expedient for the administration of justice, was carried. We do not quote that proposal in full because the committee redrafted the proposal, as modified by the Humphreville amendment, and in its form, as submitted (2 Debates, 681, 682), it read:
 

 “Section 4. There shall be established in each county a probate court, which shall be a court of record, and always open, and holden by one judge elected by the qualified voters of the county, with jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, and the settlement of the accounts of executors, administrators and guardians, and with such jurisdiction in
 
 habeas corpus,
 
 the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, as may be provided by law.”
 

 This draft again modified the measure and strictly limited the jurisdiction of the probate court to matters allied to testamentary jurisdiction and to certain other jurisdiction expressly authorized. However, Mr. Humphreville (2 Debates, 682) then moved to amend the proposal by inserting after the word “guardians,” where it occurs the third time,
 
 *458
 
 the following words, “and such other jurisdiction.” This amendment was carried, so that the proposal then authorized the Legislature to confer upon the probate court additional jurisdiction not expressly-defined. Moreover attempts by motion to amend this particular phrase, “and such other jurisdiction,” by the addition of the phrase, “not of a judicial character” (page 683), and “in matters not requiring the trial of cases” (page 683), made by proponents of the idea that the probate court should be strictly limited in its jurisdiction, were respectively lost and withdrawn. The proposal which was enacted was Section 8 of Article IV (2 Debates, 860), as it now reads, which provides that the probate court should have in addition to its jurisdiction therein expressly established “such other jurisdiction * * # as may be provided by law.” Under this form of the constitutional enactment it was held by this court, in a decision written by Judge Ranney, that the act giving the probate court jurisdiction in cases for the appropriation of private property to the use of corporations authorized to construct public improvements is a constitutional enactment.
 
 Giesy
 
 v.
 
 Cincinnati, Wilmington & Zanesville Rd. Co.,
 
 4 Ohio St., 308. Certainly the appropriation of property by a railroad is not an exercise of jurisdiction incident to ordinary probate or testamentary powers.
 

 In the case of
 
 Railroad Co.
 
 v.
 
 O’Harra,
 
 48 Ohio St., 343, 28 N. E., 175, which was a proceeding in the probate court by a landowner to compel a railroad company to condemn and pay for his land, the court, adverting to the power of the probate court in such proceedings, speaking through Judge Minshall, says at page 354 (28 N. E., 177):
 

 
 *459
 
 “So that under the Constitution the probate court has capacity for receiving jurisdiction quite as great as that of the court of common pleas. It is not a court of general jurisdiction; but that is because such powers have not been conferred on it by statute as have been conferred on the common pleas.”
 

 Hence we hold that under Section 8, Article IY, of the Ohio Constitution, the Legislature is empowered to grant the probate court jurisdiction in divorce proceedings.
 

 We next inquire whether the provision of Section 8, Article IY, that “such other jurisdiction” may be exercised in “any county, or counties, as may be provided by law, ’ ’ permits the investment by the Legislature of the probate court of one or more county or counties with a different jurisdiction from that of the probate court of another (or other) county or counties. Section 10494, General Code, certainly grants to the probate courts of eight certain counties jurisdiction concurrent with that of the common pleas courts in the same counties, in proceedings in partition, foreclosure of mortgages, and divorce and alimony. All of these proceedings in their subject-matter are not local, but general, relating to citizens and inhabitants of the state in every portion thereof. If the specific provision of Section 8, Article IY, of the Ohio Constitution, does not authorize such an enactment, surely statutes which grant divorce jurisdiction to the probate courts of eight certain counties, and withhold divorce jurisdiction from the probate courts of the other eighty counties in the state, are unconstitutional under Section 26, Article II, of the Ohio Constitution.
 

 
 *460
 
 But it is claimed by the defendant in error that it is competent for the Ohio Legislature to confer such jurisdiction upon the probate court of one or more counties without conferring it upon the probate courts of other counties because Section 8, Article IV, specifically provides for such variation in jurisdiction, and hence constitutes an express exception to the provisions of Section 26, Article II. Our answer to this contention must also be in favor of the defendant in error. The wording of the section could not be plainer. Certainly the words “in any county” mean in any one county. It would be competent under these words, “in any county,” for the Legislature to give the probate court in one county alone divorce jurisdiction, and to withhold that jurisdiction from the probate courts in the other eighty-seven counties. The correctness of this conclusion is still further emphasized by the fact that the words “in any county” are followed by the words “or counties,” thus showing that the Constitutional Convention meant that the Legislature could give the probate court in any one county, or in any number of counties, the jurisdiction authorized by the article; and indeed the understanding of the distinguished members of the Constitutional Convention of 1851 was that the provision gave this express power. Judge Ranney, in
 
 Giesy
 
 v.
 
 Railroad Co., supra,
 
 speaking of this specific section, said:
 

 “The words, ‘in any county or counties,’ were probably used rather as enabling than restrictive language, and were designed to permit the general assembly—notwithstanding the provisions of Section 26 of Article 2—* * * in its discretion, to
 
 *461
 
 confer upon the probate court more extended powers in some counties than in others. ’ ’
 

 It is also said in
 
 Kelley
 
 v.
 
 State,
 
 6 Ohio St., 269:
 

 “A jurisdiction may then be given to the probate court in one county which is not conferred in another; but this express exception relates only to the extent of the jurisdiction of the probate court * * *. The probate court may in some counties possess a jurisdiction concurrent with the common pleas, which is denied to it in others.”
 

 The second contention of the plaintiff in error is therefore overruled.
 

 Is the appeal provision of Section 10496, General Code, unconstitutional upon the ground that it conflicts with Section 26 of Article II of the Ohio Constitution? And if so, is the entire section (10496, General Code) unconstitutional?
 

 These questions require some consideration of the history of the statute.
 

 The original act of the Legislature under discussion was enacted on May 19, 1894 (91 Ohio Laws,. 799). The first section of the act read as follows:
 

 “Be it enacted by the General Assembly of the; State of Ohio, that the probate court in the counties of Allen, Richland, Perry, Defiance and Wood shall have concurrent jurisdiction with the court of common pleas in all proceedings in divorce, alimony, foreclosure and partition; and the probate court in each of said counties shall hold four terms annually for the hearing and trial of such causes, to-wit: One term commencing the first Monday in January, one term commencing the first Monday in April, one term commencing the first Monday in July, and one term commencing the first Monday in October. ’ ’
 

 
 *462
 
 Section 2 of the act provided that the judge of such court should be allowed as compensation for the hearing of any such proceeding the sum of $2, and, for his clerical services therein, such fees as are provided by law for the clerk of the court of common pleas in similar cases, to be taxed as costs in each case.
 

 Excepting for certain grammatical changes, not material here, made by the codifying commission, this original Section 2 of the act has never been amended. It is now Section 10497, General Code.
 

 As is evident, the original act of the Legislature contained no provision as to appeal and error.
 

 In the first amendment to the statute, 92 Ohio Laws, 643, the Legislature enacted an appeal and error section in the form of a proviso. The material parts of this enactment were as follows:
 

 “That the probate court in the counties of Licking, Allen, Richland, Perry and Defiance shall have concurrent jurisdiction with the court of common pleas in all proceedings in divorce, alimony, foreclosure and partition; * * * provided that litigants shall have as heretofore, the same right of appeal and of error from the probate court, to the circuit court as is allowed now by appeal and error proceedings in similar cases from common pleas court to the circuit court.”
 

 In this enactment, it is plain that the Legislature meant to place the probate court on the same plane as the court of common pleas so far as the right of review of divorce cases was concerned. This court, in the case of
 
 Wallace
 
 v.
 
 Leiter,
 
 76 Ohio St., 185, 81 N. E., 187, held that that clause of this act which provides that litigants shall have
 
 *463
 
 the right of appeal from the probate court of certain counties to the circuit court in partition and other proceedings violates Section 26 of Article II of the Ohio Constitution and is invalid. This holding was made after an amendment embodied in 94 Ohio Laws, 137, which changed the counties to which the act applied, but in no other way altered the language of the act of April 27, 1896 (92 Ohio Laws, 643), above quoted.
 

 The next amendment occurred April 15, 1904, and is to be found in 97 Ohio Laws, 113, the material portion of the enactment being as follows:
 

 “Sec. 1. That the probate court in the counties of Pickaway, Licking, Richland, Perry, Defiance, Henry and Coshocton, shall have concurrent jurisdiction with the court of common pleas in all proceedings in divorce, alimony, partition and foreclosure of mortgages, and in any such suit or proceedings in the probate court of either or any of said counties, said probate court shall have jurisdiction to make, render and enter any finding, order, judgment or decree, which the court of common pleas has jurisdiction to make, render and enter in any such suit or proceedings; * * * provided that litigants shall have the right to appeal and of error from the probate court to the common pleas court.”
 

 This amendment shows that after the judgment of this court in the case of
 
 Wallace
 
 v.
 
 Leiter, supra,
 
 the Legislature deliberately changed the proviso so that the right of appeal and error from the probate court ran to the court of common pleas instead of to the circuit court. The code commission later broke up this act into three sections, 10494 to 10496,
 
 *464
 
 putting the appeal and error provision into Section 10496, and omitted the words “provided that” at the beginning of Section 10496.
 

 It is a familiar canon of construction that we are to construe this statute as codified in light of the earlier interpretations of the statute.
 

 We see no difference so far as the constitutional question is concerned between having the right to appeal from the probate court to the court of common pleas and having the right to appeal from the probate court to the circuit court. Judge Spear, in
 
 Wallace
 
 v.
 
 Leiter, supra,
 
 speaking for the court, stated that the issue was that the statute, as then existing, undertook to clothe the circuit court of certain counties named in the statute with appeal jurisdiction not conferred upon the circuit courts of the remaining counties of the state, and stated that the point was well taken, in the judgment of the court.' The syllabus of the case held the appeal from the probate court to the circuit court unconstitutional. It is a mere quibble to say that Section 8 of Article IV permits such a difference in jurisdiction between the probate courts of different counties. It is true that a difference in jurisdiction between the probate courts of different counties is permitted by the terms of Section 8, Article IV, of the Constitution, as an express exception to the rule of the uniform operation of a law of a general nature. This exception, however, relates only to the extent of the jurisdiction of the probate court. When it comes to appeal, that portion of the statute providing for appeal is unconstitutional, not because of the difference in jurisdiction of the probate courts, but because of the difference in appeal
 
 *465
 
 jurisdiction thereby created in the various courts of the different counties to which the appeal lies, whether they be circuit courts or courts of common pleas; and we therefore hold that the appeal provision of Section 10496, General Code, is unconstitutional as being in contravention of Section 26 of Article II of the Ohio Constitution.
 

 This being the case, is the entire Section 10496, General Code, unconstitutional? This court, in the case of
 
 Wallace
 
 v.
 
 Letter, supra,
 
 specifically limited its holding to the appeal clause, and significantly failed to state that the error clause was unconstitutional. Spear, J., speaking for the court, said at page 187 (81 N. E., 187) that the “only question presented for the determination of this court is whether or not the circuit court erred in refusing to take jurisdiction of the cause on appeal and striking it from the docket”; and the conclusion was that the circuit court did not err in dismissing the appeal. The syllabus of the decision holds only that the clause which provides that litigants shall have the right of appeal from the probate court of certain counties to the circuit court in partition and other proceedings is invalid.
 

 It is therefore evident that the holding in the ease of
 
 Wallace
 
 v.
 
 Letter
 
 is controlling only upon the question whether the appeal feature of the statute is unconstitutional, and does not decide the question as to the error provision. If the appeal provision and the error provision are inseparable, however, the error provision must fall because of the invalidity of the appeal provision.
 

 The test of inseparability is excellently set forth in
 
 State
 
 v.
 
 Bickford,
 
 28 N. D., 36, 147 N. W., 407, Ann. Cas., 1916D, 140:
 

 
 *466
 
 “(1) Are the constitutional and the unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the Legislature if the clause or part is stricken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?”
 

 Other authorities upon the same proposition are :
 
 Dorchy
 
 v.
 
 State of Kansas,
 
 264 U. S., 286, 44 S. Ct., 323, 68 L. Ed., 686;
 
 State ex rel. Town of La Valle
 
 v.
 
 Board of Supervisors of Sauk Co.,
 
 62 Wis., 376, 22 N. W., 572;
 
 Redell
 
 v.
 
 Moores,
 
 63 Neb., 219, 88 N. W., 243, 55 L. R. A., 740, 93 Am. St. Rep., 431;
 
 Treasurer
 
 v.
 
 Bank,
 
 47 Ohio St., 503, 25 N. E., 697, 10 L. R. A., 196.
 

 Now the error and appeal provisions of Section 10496 may each be read, and each may stand, by itself. The appeal provision is not so connected with the general scope of the law as to make it impossible to give effect to the apparent intention of the Legislature as to the error provision, if the appeal clause is stricken out; and it is not necessary to insert any words or terms in order to separate the error provision from the appeal provision and give effect to the error provision only.
 

 There is in existence a general statute providing for error proceedings from the probate court to the court of common pleas, which reads as follows:
 

 Section 12241, General Code: “An order made by a probate court removing or refusing to remove an executor, administrator, guardian, assignee,
 
 *467
 
 trustee or other officer appointed by a probate court, and a judgment rendered or final order made by a probate court, insolvency court, justice of the peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the court of common pleas, may be reversed, vacated, or modified by the common pleas court.”
 

 This section of the statute was first enacted upon March 14, 1853 (51 Ohio Laws, 57), Section 511, and as later amended became Section 6708, Revised Statutes. The amendment is unimportant in this discussion. Certainly this general statute providing for review of all final judgments of all probate courts in all the eighty-eight counties by the common pleas courts of such counties, on error proceedings, cannot be open to the objection that it is unconstitutional upon the ground that it does not have a uniform operation throughout the state. This court is confronted, then, with the absurdity of holding that the error provision embodied in Section 10496, General Code, is unconstitutional, while exactly the same provision in the general statute, Section 12241, is not open to attack upon the ground here urged.
 

 Since the error provision of the section complies with the test of separability, as hereinbefore set forth, and since to hold that provision of the statute unconstitutional would result in an absurdity, considering the existence of the general statute providing for error proceedings from the probate court to the court of common pleas, we hold that the provision as to error proceedings in Section 10496, General Code, is valid, and not so inseparably united with the appeal provision in the same section that it must be held to be unconstitutional.
 

 
 *468
 
 Is the provision as to appeal in Section 10496 so inseparably united with Sections 10494, 10495, and 10497, that tnose sections must be held to be unconstitutional?
 

 If the two enactments had been made as the history of the statute shows them to have been made, with no decision of this court as to the constitutionality of the appeal provision intervening, and with no general section upon error proceedings from the probate court to the common pleas court existing during all the period in question, the problem would have been simpler. Under those circumstances, viewing the entire act as a whole, it would have appeared that since the Legislature, in three different enactments, had deliberately retained and re-enacted the appeal and error provision as a proviso, the appeal provision was inseparably connected with the provision investing the probate courts with divorce jurisdiction. Here, however, this court held the appeal clause unconstitutional prior to the last enactment of the proviso, but did not hold the error provision unconstitutional. Now while the Legislature changed the court to which appeal and error proceedings were to be taken from the probate court, after the decision in
 
 Wallace
 
 v.
 
 Leiter, supra,
 
 it must be presumed that the Legislature knew that the objection to the appeal clause was in no way eliminated by giving the appeal jurisdiction to the common pleas court. Moreover, the Legislature must be presumed to have known that this court had not held the error provision unconstitutional.
 
 In re Estate of Moffitt,
 
 153 Cal., 359, 95 P., 653, 20 L. R. A. (N. S.), 207; 25 Ruling Case Law, 1053. It must also be
 
 *469
 
 presumed to have known that a general statute was in existence at the time, Revised Statutes, Section 6708 (Section 12241, General Code), giving a review to the common pleas court from judgments of the prohate court.
 
 Walgreen Co.
 
 v.
 
 Industrial Commission,
 
 323 Ill., 194, 153 N. E., 831, 48 A. L. R., 1199;
 
 State
 
 v.
 
 Gerhardt,
 
 145 Ind., 439, 44 N. E., 469, 33 L. R. A., 313;
 
 Nebraska Dist. of Evangelical Lutheran Synod of Missouri
 
 v.
 
 McKelvie,
 
 104 Neb. 93, 175 N. W., 531, 7 A. L. R., 1688;
 
 Commonwealth
 
 v.
 
 Kirk,
 
 212 Ky., 646, 279 S. W., 1091, 44 A. L. R., 816;
 
 Town of Benton
 
 v.
 
 Willis,
 
 76 Ark., 443, 88 S.
 
 W.,
 
 1000;
 
 Struthers
 
 v.
 
 People,
 
 116 Ill. App., 481;
 
 In re Estate of Moffitt, supra.
 

 Since this court did not hold the error provision of Section 10494 unconstitutional in
 
 Wallace
 
 v.
 
 Leiter,
 
 it evidently did not consider the error provision so inseparably united with the appeal provision that it must necessarily fall. Now when the Legislature re-enacted a measure embodying a constitutional error provision and a provision which had been held to be unconstitutional, we think we cannot decide that the measures were inseparable. It was not impossible to give effect to the apparent intention of the Legislature that there should be a review in such proceedings if the appeal provision was stricken out and the error provision was retained. The provisions of Sections 10494, 10495, and 10497 can be read and can stand by themselves. It is not necessary to insert words or terms in order to separate either the error provision from the appeal provision or the provisions of Sections 10494, 10495, and 10497 from the appeal provision of Section 10496.
 

 Under these circumstances, we think that the
 
 *470
 
 Legislature did not consider the proviso as to appeal, already held to be void, to be an integral part of the statutes; and we hold that, in spite of the unconstitutionality of this particular clause in Section 10496, Sections 10494, 10495, and 10497 are not so inseparably united therewith that they are unconstitutional and void.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Jones and Matthias, JJ., concur.