**Harold T. DURYEE, Liquidator of the American Druggists' Insurance Company, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF THE TREASURY, et al., Defendants.**

No. C–2–88–778.

United States District Court, S.D. Ohio, Eastern Division.

Aug. 14, 1995.

James Richard Rishel, Rishel & Kopech, Columbus, OH, for Plaintiff.

Jeffrey Paul Hopkins, Joseph E. Kane, U.S. Attorney's Office, Columbus, OH, for Defendants.

### *MEMORANDUM AND ORDER*

HOLSCHUH, District Judge.

This matter is before the Court on the following motions:

1. Plaintiff's August 4, 1994 motion for summary judgment;
2. Plaintiff's August 4, 1994 motion to certify a question of law to the Supreme Court of Ohio;
3. Defendant United States' September 14, 1994 cross-motion for summary judgment; and,
4. Defendant United States' November 23, 1994 motion for leave to file a surreply brief on the certification issue.

Insofar as plaintiff has indicated that he does not oppose granting leave to file a surreply brief, defendant's motion for leave is **GRANTED.** With respect to the other pending motions, the Court holds, for the reasons set forth below, that plaintiff's August 4, 1994 motion to certify a question of law is **DENIED.** The Court further holds that the Ohio statute at issue in this litigation

is not severable. Accordingly, plaintiff's August 4, 1994 motion for summary judgment is **DENIED,** and defendant's September 14, 1994 cross-motion for summary judgment is **GRANTED.**

## I. *BACKGROUND*

Plaintiff filed this declaratory judgment action in July 1988, seeking a determination of the rights of the federal government to the assets of the insolvent American Druggists' Insurance Company (hereinafter ADIC).[1] In the complaint, plaintiff, as the liquidator of ADIC, urged the application of the Ohio priority statute governing insurance company liquidations, Ohio Rev.Code § 3903.42, to the claims of the United States.[2] The United States filed a counterclaim asserting that its priority was governed by the general federal priority statute, 31 U.S.C. § 3713.[3] Under the Ohio statute, the United States would be entitled to fifth priority and would receive a distribution from the insolvent insurer's estate only after administrative expenses, certain employee wage claims, policyholders' claims and general creditors' claims had been paid in full. Under the federal provision, on the other hand, the claims of the United States would be entitled to first priority.

In a memorandum and order filed March 15, 1990, ruling on the parties' cross-motions for summary judgment, this Court held that the claims of the United States were entitled to first priority in the ADIC liquidation under 31 U.S.C. § 3713, notwithstanding the contrary provisions of Ohio Rev.Code § 3903.42. Central to the holding was the Court's conclusion that the McCarran–Ferguson Act, 15 U.S.C. § 1012(b)—which exempts from federal preemption any state law that regulates the "business of insurance"— does not apply to section 3903.42 because that section does not regulate the "business of insurance." [4] This Court thus found that section 3903.42 was preempted by the contrary provisions of federal law.

A divided panel of the Sixth Circuit Court of Appeals reversed, holding that section 3903.42 does regulate the "business of insurance" and is therefore exempt from federal preemption. *Fabe v. U.S. Dept. of the Treasury,* 939 F.2d 341 (6th Cir.1991), *aff'd in part, rev'd in part,* 508 U.S. 491, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993). The Supreme Court of the United States granted certiorari and, in a six-to-three decision, affirmed in part and reversed in part the judgment of the Court of appeals. *United States v. Fabe,* 508 U.S. 491, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993). The Supreme Court held that section

---

1. In February 1991 Harold T. Duryee succeeded George Fabe as the Ohio Superintendent of Insurance. On August 10, 1994 Harold Duryee was substituted as plaintiff in this action under the provisions of Fed.R.Civ.P. 25(d).

2. Ohio Revised Code § 3903.42 provides in pertinent part:

    The priority of distribution of claims from the insurer's estate shall be in accordance with the order in which each class of claims is set forth in this section. Every claim in each class shall be paid in full or adequate funds retained for such payment before the members of the next class receive payment. No subclass shall be established within any class. The order of distribution of claims shall be:
    (A) Class 1. The costs and expenses of administration....
    (B) Class 2. Debts due to employees for services performed....
    (C) Class 3. All claims under policies for losses incurred....
    (D) Class 4. Claims of general creditors.
    (E) Class 5. Claims of the federal or any state or local government....
    (F) Class 6. Claims filed late....

    (G) Class 7. Surplus or contribution notes....
    (H) Class 8. The claims of shareholders or other owners.

3. Title 31 U.S.C. § 3713 provides in pertinent part:

    (a)(1) A claim of the United States Government shall be paid first when—
    (A) a person indebted to the Government is insolvent and—
    (i) the debtor without enough property to pay all debts makes a voluntary assignment of property;
    (ii) property of the debtor, if absent, is attached; or
    (iii) an act of bankruptcy is committed;....

4. Title 15 U.S.C. § 1012(b) provides in pertinent part:

    (b) No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance....

3903.42 is not free from federal preemption, except to the extent that the statute affords priority treatment to the claims of policyholders and the administrative costs of the liquidation. In this sense, section 3903.42 regulates the "business of insurance" within the meaning of the McCarran–Ferguson Act, because the statute protects the interests of the policyholders and is therefore exempt from federal preemption. However, the provisions of section 3903.42 which give priority over the United States to claims other than policyholder claims or administrative expenses do not regulate the "business of insurance" and are therefore subject to federal preemption by 31 U.S.C. § 3713. The Court summarized its holding, stating:

> We hold that the Ohio priority statute escapes preemption to the extent that it protects policyholders. Accordingly, Ohio may effectively afford priority, over claims of the United States, to the insurance claims of policyholders and to the costs and expenses of administering the liquidation. But when Ohio attempts to rank other categories of claims above those presented by the United States, it is not free from federal pre-emption under the McCarran–Ferguson Act.

*Id.* at 2211, 124 L.Ed.2d at 455.

The Supreme Court noted that its holding was limited, observing that "[b]y this decision, we rule only upon the clash of priorities as pronounced by the respective provisions of the federal statute and the Ohio Code. The effect of this decision upon the Ohio Code's remaining priority provisions—including any issue of severability—is a question of state law to be addressed upon remand." *Id.* at 2212, 124 L.Ed.2d at 456.

Following remand, the parties filed cross-motions for summary judgment. The parties agree that the initial question for the Court to determine is whether the valid portions of section 3903.42 may be severed from the preempted provisions.

Plaintiff asserts that the preempted provisions of section 3903.42 are severable through the application of Ohio Rev.Code § 1.50, which sets forth a general severability provision. Plaintiff argues that the remaining provisions of section 3903.42 can

thus be given effect in the ADIC liquidation. Plaintiff points out that administrative expenses (entitled to first priority under section 3903.42(A)) and policyholder claims (entitled to third priority under section 3903.42(C)) survive federal preemption. Plaintiff notes that in the ADIC liquidation there are no employee wage claims (entitled to second priority under section 3903.42(B)) and, therefore, the liquidator, after payment of administrative expenses and policyholder claims and the claims of the United States, may proceed to pay the remaining categories of claimants in the order set forth in subsections 3903.42(D), (E), (F), (G), and (H).

The United States, on the other hand, argues that the valid provisions of section 3903.42 are not severable from the preempted provisions, because the statute plainly reveals an affirmative legislative intent to rank all creditors according to a specific, unitary scheme. Given this orderly hierarchy for determining priority, the government asserts that the Supreme Court's ruling which preempts certain provisions destroys the General Assembly's legislative intent in establishing priorities. The United States further argues that if the Court determines that the statute survives the severability issue, then the government's claims should be considered as policyholder claims and ranked second in priority after the payment of administrative expenses.

## II. *MOTION FOR CERTIFICATION*

Concurrently with his motion for summary judgment, plaintiff filed a motion to certify the question of severability to the Ohio Supreme Court pursuant to S.Ct.Prac.R. XVIII. Section 1 of the Rule provides:

> The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or a United States District Court. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which may be determinative of the cause and as to which it appears to the certifying

court there is no controlling precedent in the decisions of this Supreme Court.

The decision of a federal court to certify questions of law to the supreme court of a state rests within the sound discretion of the court. *Lehman Brothers v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974); *J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.*, 936 F.2d 1474 (6th Cir.1991). The mere difficulty in ascertaining local law provides an insufficient basis for certification. *Transcontinental Gas Pipeline Corp. v. Transportation Ins. Co.*, 958 F.2d 622 (5th Cir.1992).

In response to this Court's order of October 26, 1994, the parties filed a stipulation regarding the form of the question to be certified should this Court determine that submission of a question to the Ohio Supreme Court is appropriate:

Is Section 3903.42, Ohio Revised Code, severable under Ohio law when Paragraphs (B) and (D) of the section have been held to be preempted by 31 U.S.C. Section 3713 by the United States Supreme Court in *United States Department of the Treasury, et al. v. Fabe*, 508 U.S. 491, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993)?

Upon a complete review of the record, the Court concludes that this case does not present novel questions of state law such that this Court should defer reaching a decision on the issues of severability presented in this case. Indeed, the parties have thoroughly researched and analyzed the Ohio law applicable to the questions involved in this case. As noted above, the mere difficulty in ascertaining local law is an insufficient basis upon which to certify a question of law to the highest court of a state. In this case, the Court, with the able guidance of counsel, is confident that the remaining issues can be appropriately resolved. Accordingly, plaintiff's August 4, 1994 motion to certify the question of severability to the Ohio Supreme Court is **DENIED**.

### III. *CROSS–MOTIONS FOR SUMMARY JUDGMENT*

The parties' cross-motions for summary judgment raise straightforward questions of statutory construction and severability under Ohio law.

### A. *LEGAL STANDARD*

Fed.R.Civ.P. 56(c) provides:

[Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In this case there are no disputed questions of fact; therefore, the Court need only determine which of the moving parties is entitled to judgment as a matter of law.

### B. *SEVERABILITY OF OHIO REVISED CODE § 3903.42*

In this case, the determinative issue is whether the preempted provisions of section 3903.42 are severable from the remainder of the statute. Section 3903.42 is, in the words of the Supreme Court, "part of a complex and specialized administrative structure for the regulation of insurance companies from inception to dissolution." *Fabe*, 113 S.Ct. at 2212, 124 L.Ed.2d at 455. As previously noted, the Supreme Court held that the priority of claimants as set out in section 3903.42 is preempted by 31 U.S.C. § 3713, except to the extent that section 3903.42 protects policyholders and provides for the payment of administrative expenses. This Court must now determine whether section 3903.42 survives the severance of the preempted provisions.

The severability of the preempted provisions of section 3903.42 is a question of state law. *Fabe*, 113 S.Ct. at 2212 n. 8. Generally, the severability of a statute is a question of legislative intent. 2 Norman J. Singer, *Sutherland Statutory Construction* § 44.03 at 495 (5th ed.1992); *Rappa v. New Castle County*, 18 F.3d 1043, 1072 (3d Cir. 1994). As explained in *Sutherland Statutory Construction:*

Separability questions are essentially questions of statutory construction, to be deter-

mined according to either the will of the legislature or its manifested meaning. Judicial opinions are replete with statements that separability is to be decided according to the legislative intent.

The problem is twofold: the legislature must have intended that the act be separable, and the act must be capable of separation in fact.

Singer, *supra*, § 44.03 (footnotes omitted).

With respect to legislative intent, section 3903.42 does not contain a specific severability clause. However, Ohio law does provide a general severability clause from which the necessary intent can be derived. Ohio Revised Code § 1.50 states:

If any provisions of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable.

Thus, absent a showing that the Ohio legislature specifically intended the provisions of section 3903.42 *not* to be severable, the inquiry is whether the remaining provisions are capable of severance, that is, of functioning independently. *Rappa*, 18 F.3d at 1072 (citation omitted).

The Supreme Court of Ohio has provided an express test for this question: "[t]he test of severability is whether the remaining parts of the article, standing alone and without reference to the unconstitutional sections, can be effective and operable." *State ex rel. King v. Rhodes*, 11 Ohio St.2d 95, 101, 228 N.E.2d 653 (1967); *see also State ex rel. Maurer v. Sheward*, 71 Ohio St.3d 513, 523, 644 N.E.2d 369 (1994); *State ex rel. Mirlisena v. Hamilton County Bd. of Elections*, 67 Ohio St.3d 597, 599, 622 N.E.2d 329 (1993) (per curiam); *State ex rel. Hinkle v. Franklin County Bd. of Elections*, 62 Ohio St.3d 145, 149, 580 N.E.2d 767 (1991) (per curiam); *State ex rel. Doersam v. Indus. Comm'n*, 45 Ohio St.3d 115, 121, 543 N.E.2d 1169 (1989); *South Euclid v. Jemison*, 28 Ohio St.3d 157, 164, 503 N.E.2d 136 (1986); *O'Brien v. Columbus Southern Power*, 73 Ohio App.3d 355, 361, 597 N.E.2d 188 (1992).

In addition, prior to the enactment of Ohio's general severability statute—section 1.50—the Ohio Supreme Court set out a severability test in greater detail. *Geiger v. Geiger*, 117 Ohio St. 451, 466, 160 N.E. 28 (1927). The *Geiger* test has been cited favorably by Ohio courts subsequent to the enactment of section 1.50. *Sheward*, 71 Ohio St.3d at 523–24, 644 N.E.2d 369; *Doersam*, 45 Ohio St.3d at 123, 543 N.E.2d 1169 (Craig, J., dissenting); *Euclid*, 28 Ohio St.3d at 164, 503 N.E.2d 136; *State v. McCallion*, 78 Ohio App.3d 709, 715, 605 N.E.2d 1289 (1992); *Livingston v. Clawson*, 2 Ohio App.3d 173, 177, 440 N.E.2d 1383 (1982). The *Geiger* test provides:

(1) Are the constitutional and the unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the Legislature if the clause or part is stricken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?

*Geiger*, 117 Ohio St. at 466, 160 N.E. 28 (citation omitted).

In the present case then, the question is whether the non-preempted provisions of section 3903.42, standing alone and without reference to the preempted provisions, can be effective and operable. In answering this question, the Court will apply the detailed test set forth in *Geiger*.

The first prong of the *Geiger* test inquires whether the constitutional and the unconstitutional provisions—or in this case the preempted and non-preempted provisions—are capable of separation so that each may be read and stand by itself. The Court must answer this inquiry in the negative. Section 3903.42 sets out the order of priority of the distribution of claims from an insurer's estate. Pursuant to the Supreme Court, subsections (B) and (D) of section 3903.42 are preempted by federal statute. The Court finds that if those provisions are simply severed from the statute, the remaining provi-

sions cannot stand alone, because the statute obviously would be incomplete. After severance, all classes of claimants set out by the Ohio legislature would not be accounted for, unless the Court itself reorders and shuffles the priorities set out in the statute. The Court declines to act in a legislative manner by reordering, indeed, essentially rewriting, the provisions of section 3903.42. The provisions remaining after preemption simply cannot stand alone.

The second prong of the *Geiger* test inquires whether the unconstitutional provision is so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the legislature if the provision is stricken. In the present case, the Court finds that the preempted provisions are an integral part of a detailed priority plan to accomplish the specific intention of Ohio's General Assembly in its enactment of this particular statute. The statute sets out a unitary, interwoven, carefully crafted plan for the distribution of claims that cannot now be dissected and then reconstructed and rewritten by a court. Although it is true that the Ohio legislature has set out its inclination to favor severance by the enactment of its general severability statute, Ohio Revised Code, section 1.50, that statute clearly states that severability is appropriate only when the remaining provisions "can be given effect without the invalid provision." As previously discussed, that is not the case with section 3903.42.

The third prong of the *Geiger* test inquires whether the insertion of words or terms is necessary to separate the constitutional part from the unconstitutional part. In the present case, far more is required than the mere insertion of words or terms. Entire subsections of the statute would have to be rearranged by the Court, a literal rewriting of the statute by the Court. The manner in which this statute should be rewritten, in light of the Supreme Court's decision, is a matter within the province of the General Assembly of Ohio and should not be usurped by this Court.

In conclusion, the Court finds that the test of severability as set out in *Geiger* has not been met. In so finding, the Court also concludes that the more general test of severability as set out in *Rhodes* has not been met: the remaining provisions of the statute, standing alone, are not "effective and operable." Thus, the preempted provisions of section 3903.42 are not severable from the remainder of the statute. Accordingly, the Court finds that section 3903.42 is invalid in its entirety and is not applicable in the present case. The Court therefore **GRANTS** defendant's cross-motion for summary judgment.[5]

### CONCLUSION

For the foregoing reasons, the Court holds as follows:

1. Defendant's unopposed November 23, 1994 motion to file a surreply brief is **GRANTED.**

2. Plaintiff's August 4, 1994 motion to certify a question of law to the Ohio Supreme Court is **DENIED.**

3. Plaintiff's August 4, 1994 motion for summary judgment is **DENIED.**

4. Defendant's September 14, 1994 cross-motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

---

5. In light of the Court's holding, the Court need not reach defendant's other argument concerning the classification of claims of the United States as policyholder claims.