OPINION
This is an appeal from a decision of the Delaware County Court of Common Pleas, Judge Frost of Licking County Common Pleas Court sitting by assignment. The facts in this case are essentially undisputed: Plaintiff-Appellants, George and Linda Wallingford (Wallingford) are the owners of approximately 89.2 acres of land in Liberty Township, Delaware County, Ohio. December 17, 1992, was the effective date of a zoning resolution approved by Liberty Township Trustees (Township). Such zoning resolution contained the following section 10.06(d): "Effect of Approval: The Development Plan as approved by the Township Trustees shall constitute an amendment to the zoning resolution as it applies to the lands included in the approved amendment. The approval shall be for a period of three (3) years to allow the preparation of plats required by the Subdivision Regulations of Delaware County, Ohio. Where the land is to be developed in phases, plans for phases subsequent to the first phase shall be submitted in accordance with the timetable in the approved development plan. Unless the required plats are properly recorded and work on said development commenced within three (3) years, the approval shall be voided and the land shall automatically revert to R-1 District unless the application for time extension is timely submitted and approved."
In January 17, 1994, Wallingford's property was zoned Planned Residential District (PRD), pursuant to the zoning resolution. On December 18, 1996, Sec 10.06(d) was amended with the agreed unconstitutional reversion to R-1 language deleted and the section re-designated as 10.06(g). The revised version is as follows: Default — If construction of any building has not been commenced within three (3) years after approval of the initial Development Plan, approval of the Plan shall expire, unless an extension of the time limit has been approved by a majority of the Township Trustees.
In addition, such a comprehensive plan adjusted the minimum acreage for a residential unit to .06 acre. This differed significantly from the original 1992 requirement. Also, the 1992 Resolution and the amended version of 1996 contained the following severability clause as to an unconstitutional challenge to any specific provision: "SEVERABILITY: If for any reason one or more articles, sections, sentences, clauses or parts of this zoning resolution are held invalid, such judgment shall not affect, impair or invalidate the remaining provisions of this zoning Resolution but shall be confined in its operation to the specific sections, sentences, clauses, or parts of this Zoning Resolution held invalid and the invalidity of any section, sentences clauses, or parts of this Zoning Resolution in any one or more instances shall not attest or prejudice in any way the validity of this Zoning Resolution in any other instance."
Plat approval was denied to the Wallingfords as a determination was made that no construction had been commenced and therefore the three year lapse provision applied to the development plan. Under protest, the Wallingfords submitted a revised plan. This revised plan was denied due to a finding of substantial deviation and lapse. It is noted that appellants maintain that due to the following language contained in 10.06(d): "The Development Plan as approved by the township trustees shall constitute an amendment to the zoning resolution . . ." that the Development Plan and the zoning are equivalent.
Under section 5.01, the Township had eight zoning classifications, including PRD. Obviously, each application for such classification would vary by development plan according to the land in question. Appellees concede that the PRD zoning for appellant's land is still in effect. The Wallingfords commenced an action before the Court, asserting an administrative appeal under R.C. Chapter 2106 and two separate counts in Declaratory Judgment as to the unconstitutionality of Sec. 10.06(d) of the Zoning Resolution and the legality of the actions taken by the township authority in addition to other counts not under consideration in this appeal. The Court determined on motions that it lacked jurisdiction as to the R.C. Chapter 2106 administrative appeal, as the procedural requirements for such appeal were deficient. The portions of the amended complaint, as to such administrative appeal, were dismissed with the Court addressing only the unconstitutional challenges to the Zoning Resolution on its face. No appeal has been taken as to the finding on the failure of the administrative appeal. The Appellant's raise three Assignments of Error as follows:
 I. THE TRIAL COURT ERRED IN SUMMARILY DETERMINING THAT THE CONSTITUTIONAL REVERTER PROVISION IN SECTION 10.06(d) OF THE 1992 LIBERTY TOWNSHIP ZONING RESOLUTION IS SEVERABLE FROM THE LAPSE PROVISION THEREIN.
 II. THE TRIAL COURT ERRED IN SUMMARILY DETERMINING THAT THE APPLICATION OF THE 1996 LIBERTY TOWNSHIP ZONING RESOLUTION WAS NOT AN UNCONSTITUTIONALLY RETROACTIVE APPLICATION OF THE LAW.
 III. THE TRIAL COURT ERRED IN APPLYING THE 1996 COMPREHENSIVE PLAN — SUCH AS ACTION IS CLEARLY ERRONEOUS AND IN VIOLATION OF THE WALLINGFORD'S RIGHT TO EQUAL PROTECTION AND DUE PROCESS UNDER THE LAW.
 I.
Appellants claim that the trial court erred in finding that the unconstitutional reverter provision was severable form the lapse provision in the zoning resolution. We disagree The essential issue before the Court is the severability of the agreed unconstitutional reverter language to R-1 zoning and the three year lapse provision. In 1997, after the three years had lapsed, Appellants attempted to file their final plat based on the 1994 Development Plan. The Township refused and advised Appellants that they would need to obtain re-approval of their Plan under the 1996 Zoning Resolution and 1995 Comprehensive Plan. Had the administrative appeal been perfected, evidence as to the reasons for refusal to approve the plat, the applicability of the reduction of units to 0.6 acre, and whether the lapse provision was applicable, may have produced a determination that appellants' original development plan was entitled to recording without the unit acreage limitation created by the 1996 amendment, but these matters are now moot. The trial court, in determining that the lapse provision was severable from the reverter clause relied on Geiger v. Geiger (1927), 117 Ohio St. 451, State v. Hochhausler (1996), 76 Ohio St.3d 455, Sager v. Etna Township (1984), Licking App. No. CA 3015, unreported, 1984 WL7434 and Torok v. Jones (1983), 5 Ohio St.3d 31. The Geiger case established two standards relative to determining severability, i.e., (1) the two clauses were capable of separation so that each may be read and stand separately and, (2) the prohibited clause is not so closely connected with the general scope of the whole that it would be impossible to give effect to apparent intention of the legislature if the clause were stricken. This Court in Sager v. Etna Township, supra, relied on the severability clause contained in the resolution as to the divisibility of the clauses, as is present here. In Torok v. Jones, supra, the Court in reviewing a provision in a zoning ordinance limiting the validity of a permit to six months, after which time said permit would lapse, found such to be a reasonable exercise of the statutory zoning powers. A declaratory judgment action challenging constitutionality of an existing zoning resolution asserts a per se challenge to the constitutionality of a resolution on its face. R.C. §§ 2721.01 et seq. It is undisputed that a declaratory judgment action is available to raise the issue of the constitutionality of a zoning ordinance. SMC, Inc. v. Laudi (1975), 44 Ohio App.2d 325, 328, citing Kaufman v. Newburgh Hts. (1971), 26 Ohio St.2d 217, Burt Realty Corp. v. Columbus (1970), 21 Ohio St.2d 265. There is a presumption that zoning resolutions are constitutional. Goldberg Cos., Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207; Franchise Developers, Inc. v. City of Cincinnati (1987), 30 Ohio St.3d 28. Properly enacted zoning is presumed to be valid. Brown v. Cleveland (1981), 66 Ohio St.3d 93. The party challenging the zoning has then burden of demonstrating its unconstitutionality. Leslie v. Toledo (1981), 66 Ohio St.2d 488. This Court finds no incompatibility between the zoning resolution in this case and the Constitution. Appellants' First Assignment of Error is denied.
 II.
Appellants claim that the trial court erred in finding that the application of the 1996 zoning resolution was not an unconstitutionally retroactive application of the law. We disagree. Appellants argue that the distinction between "zoning" and "the development plan" is merely fictional. However, if the plan were equivalent to a zoning classification, then the PRD zoning classification would not be meaningful as multiple zoning would exist in addition to the eight zoning types, even though each plan would require a zone change from its pre-application designation to PRD. A review of the records shows that that Appellants had three years from the date of submission of their initial development plan (January 17, 1994) to commence construction and file the plat. Appellants failed to commence construction within said three year period and failed to request a time extension for same. Due to said failure, Appellants were required to obtain re-approval under the current zoning resolutions which at that time were the 1996 Zoning Resolution and the 1995 Comprehensive Plan. Nothing in the record here suggests that Appellants were in any way denied approval of their development because of the amendment to the township zoning resolution. Appellants had three years in which to commence construction and file their final plat, or request an extension of time. The fact that Appellants failed to do so is not evidence that they were somehow denied such an opportunity by the Appellees. The Court finds Appellants' Second Assignment of Error not well-taken and overrules same.
 III.
Appellants claim that the trial court erred in applying the 1996 Comprehensive Plan as such was a violation of Appellants' rights to equal protection and due process. We disagree. With regard to Appellants' "due process" claim, this Court finds that this issue was never raised at the trial court level. Our review on appeal is limited to those materials in the record which were before the trial court. See: State v. Ishmail (1978), 54 Ohio St.2d 4. Upon review of Appellants' equal protection claim, the Court agrees with the trial court's holding that appellants made no showing that the application of the new zoning regulations were applied to them in any different manner than those who were similarly situated. Appellants' Third Assignment of Error is not well-taken and is therefore denied. The decision of the trial court is affirmed.
 ___________ Boggins, J.
Edwards, P.J. and Wise, J. concur.