DeWine, J., concurring in part and dissenting in part.
*453 {¶ 83} I write separately because I disagree with the majority's decision that Tyrone Noling may appeal the trial court's determination of what constitutes "the results" of the DNA testing.
{¶ 84} This case involves a legislatively created procedure under which an offender may obtain postconviction DNA testing by order of the trial court in limited circumstances. Because of the special nature of this procedure, there is no general grant of appellate jurisdiction to challenge a trial court's determination. Rather, the only right to appeal is that which is set forth specifically in the statute at issue, R.C. 2953.72(A)(8). That provision allows an offender to appeal only certain trial-court determinations. Noling claims the trial court provided him with testing results that were more narrow in scope than those R.C. 2953.81(C) entitles him to, but the trial court's decision about what constitutes "the results of the testing" does not fall within the limited number of trial-court determinations from which the legislature has authorized an appeal. As a consequence, this court lacks jurisdiction to consider Noling's appeal on that issue.
*129 {¶ 85} I therefore dissent from the majority's holding ordering the trial court to provide Noling with additional testing results. I concur in the majority's disposition of the other issues raised by Noling.
The right to appeal is limited by R.C. 2953.72(A)(8) and (A)(9)
{¶ 86} "The right to file a postconviction petition is a statutory right, not a constitutional right," State v. Broom , 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 28, and "a petitioner receives no more rights than those granted by the statute," State v. Calhoun , 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Any right of appeal must emanate from the statutory scheme created by the General Assembly. The specific trial-court determinations subject to appeal are set forth in R.C. 2953.72(A)(8). That statute provides that
the court of common pleas has the sole discretion subject to an appeal as described in this division to determine whether an offender is an eligible offender and whether an eligible offender's application for DNA testing satisfies the acceptance criteria described in division (A)(4) of this section and whether the application should be accepted or rejected , that if the court of common pleas rejects an eligible offender's application, the offender may seek leave of the supreme court toappeal the rejection to that court if the offender was sentenced to death for the offense for which the offender is requesting the DNA testing and, if the offender was not sentenced to death for that offense, may appeal the rejection to the court of appeals, and that no determination otherwise made by the court of common pleas in the exercise of its discretion regarding the eligibility of an offender or regarding postconviction DNA testing under [ R.C. 2953.71 to 2953.81 ] is reviewable by or appealable to any court .
(Emphasis added; struck-through portions excised from the statute by this court in *454 State v. Noling , 149 Ohio St.3d 327, 2016-Ohio-8252, 75 N.E.3d 141, ¶ 60 (" Noling III ").)
{¶ 87} R.C. 2953.72(A)(9) makes clear that the grant of the right to appeal comes exclusively from R.C. 2953.72(A)(8) :
[A]n offender who participates in any phase of the mechanism contained in [ R.C. 2953.71 through 2953.81 ] * * * does not gain as a result of the participation any constitutional right to challenge, or, except as provided in division (A)(8) of this section , any right to any review or appeal of, the manner in which those provisions are carried out.
*130 (Emphasis added.)
{¶ 88} Thus, R.C. 2953.72(A)(8) grants to the common pleas court the "sole discretion" to make three determinations-(1) "whether an offender is an eligible offender," (2) whether an application "satisfies the acceptance criteria," and (3) "whether the application should be accepted or rejected"-and makes those determinations "subject to an appeal as described in this division."
{¶ 89} The right of appeal is "described" later in R.C. 2953.72(A)(8) ; in setting forth what is subject to appeal, R.C. 2953.72(A)(8) states that "if the court of common pleas rejects an eligible offender's application, the offender may * * * appeal the rejection." Thus, if the offender's application is rejected, he may appeal the three discretionary determinations set forth above. Those are the only determinations subject to appeal, and they can be appealed only when the application is rejected.
{¶ 90} After setting forth what may be appealed, the statute sets forth a further limitation on the grant: "[N]o determination otherwise made by the court of common pleas in the exercise of its discretion regarding the eligibility of an offender or regarding postconviction DNA testing under those provisions is reviewable by or appealable to any court." Id. The statute thus ordains that determinations other than those that result in a rejection of an offender's application are not appealable. In other words, if in the exercise of its discretion, the court determines that the offender is an "eligible offender," that the offender's application meets the acceptance criteria, or that the application should be accepted, the state has no right of appeal regarding those determinations. This construction is consistent with our recognition in Noling III , 149 Ohio St.3d 327, 2016-Ohio-8252, 75 N.E.3d 141, at ¶ 56, that "the legislature clearly intended to eliminate the state's appellate right when it drafted R.C. 2953.73 and gave appellate rights only to offenders." (We held in Noling III that R.C. 2953.73(E) grants the appellant the right to appeal the court's rejection of an application pursuant to its determination under R.C. 2953.73(D). Noling III at ¶ 64.)
The majority minimizes the limited grant of appealability
{¶ 91} Here is where the majority goes wrong: it minimizes the grant of appealability (the identification of the only three determinations that may be appealed) and skips right to the limitation. It takes the limitation's description of what's not appealable-"no determination otherwise made by the court of common pleas in the exercise of its discretion regarding the eligibility of an offender or regarding postconviction DNA testing"-and transforms that language into the grant of additional appealable issues. That's not how the statute works.
*131 {¶ 92} In the majority's view, the words "in the exercise of its discretion" are *455 controlling. So it reads the statute as allowing the appeal of any decision of the common pleas court regarding DNA testing that does not call for an exercise of discretion. That is, an applicant may appeal anything that involves the failure of the trial court to fulfill a mandatory duty. But the statute doesn't say that. Read in its entirety, the statute makes clear that the only determinations that are appealable are the three enumerated in R.C. 2953.72(A)(8) and that those determinations are appealable only when they result in the rejection of an application. A determination "otherwise made by the court," i.e., other than rejection, is not appealable even when it involves the court's discretion.
{¶ 93} The fact that the statute illustrates what is not appealable does not expand what is appealable beyond the three enumerated issues. Saying that something is not appealable does not, in effect, make everything else appealable. But that is how the majority reads the statute.
{¶ 94} The majority makes the same mistake construing R.C. 2953.72(A)(9)'s admonition that "except as provided in division (A)(8)," an offender has no right to appeal the "the manner" in which the provisions of R.C. 2953.71 through 2953.81 are carried out. Under a plain reading, the sentence simply serves as a reiteration of the statutory scheme's limits on appealability: there is no right to appeal the manner in which a provision is carried out other than regarding the three appealable determinations identified in R.C. 2953.72(A)(8). The majority, however, twists this limitation into a license to appeal anything that does not have to do with the manner in which a provision is carried out. What the majority fails to explain is how saying someone has no right to appeal one thing can be read as a grant of the right to appeal everything else. Indeed, the majority is unable to point to any provision in the statutory scheme that states an offender may appeal the court's failure to perform a mandatory duty. That's because the statute provides no such right of appeal.
Mandamus provides eligible offenders an avenue of relief from a court's failure to perform mandatory duties
{¶ 95} This is not to say that an offender would have no relief in cases in which the court refused to perform a statutory duty. "[A] writ of mandamus may require an inferior tribunal to exercise its judgment or to proceed to the discharge of its function." State ex rel. Ney v. Niehaus , 33 Ohio St.3d 118, 119, 515 N.E.2d 914 (1987) ; accord R.C. 2731.03. Thus, if a common pleas court failed to exercise its judgment or discharge a function under the statutory scheme, an eligible offender could seek relief in mandamus.
*132 Noling III recognizes the limited scope of review
{¶ 96} Remarkably, the majority's broad reading of R.C. 2953.72(A)(8) and (A)(9) is directly contrary to what this court said just over a year ago in Noling III . There, rejecting the dissent's assertion that R.C. 2953.72(A)(8) and (A)(9) should be severed from the statutory scheme, the majority wrote:
R.C. 2953.72(A)(8) and (A)(9) closely circumscribe the issues that an offender may raise on appeal. The dissent, by excising (A)(8) and (A)(9), and therefore implicitly seating the appellate right in R.C. 2505.03, would broadly expand the rights of offenders to appeal any final order or judgment of the court in relation to their application for postconviction DNA testing and to seek review of any element of the *456 decision with which the offender disagrees. The legislature plainly intended, through R.C. 2953.72(A)(8) and (A)(9), to limit what findings a court could review on appeal. The dissent's remedy would frustrate that intent, violating [this court's severance test set forth in] Geiger [v. Geiger , 117 Ohio St. 451, 160 N.E. 28 (1927) ] and the dissent's own admonition.
Noling III , 149 Ohio St.3d 327, 2016-Ohio-8252, 75 N.E.3d 141, at ¶ 63.
{¶ 97} Today, the majority does what this court said it would not do in Noling III . It ignores what "[t]he legislature plainly intended" and "broadly expand[s]" the ability of an offender "to seek review of any element of the decision with which the offender disagrees," id. , as long as it does not involve the exercise of the court's discretion.
The resolution of this appeal
{¶ 98} A proper construction of the statutes makes this case an easy one. I concur with the majority's conclusion that Noling's second, third, and fifth propositions of law all assert issues that may not be appealed. That is, they do not concern (1) whether Noling is an eligible offender, (2) whether Noling's application satisfied the acceptance criteria, or (3) whether Noling's application should have been accepted or rejected. I would hold that Noling's first proposition likewise does not fit into those narrow categories of appealable issues and would dismiss that proposition of law also.
{¶ 99} Finally, I concur in the majority's judgment with respect to Noling's fourth proposition of law. Unlike the issues raised in his other propositions, the determinations regarding whether his application failed to satisfy the acceptance criteria and whether his application should have been rejected are both appealable *133 under R.C. 2953.72(A)(8). Like the majority, I would affirm the judgment of the court of appeals on those issues.
Kennedy, J., concurs in the foregoing opinion.